**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Civil Action No.**

| | |
|---|---|
| DINNTECO INTERNATIONAL, S.L., an entity of Andorra la Vella,<br><br>   Plaintiff,<br><br>v.<br><br>CAPITOL ELECTRONICS SALES, INC, an Indiana corporation; EMP DEFENSE, LLC, a Michigan limited liability company; SEAHAWKE RIGGING INC, a Florida corporation; RIPPING IT OUTDOORS LLC, a Florida limited liability company; and JAY BHARAT KOTHARI d/b/a EMP Solutions, an individual residing in the state of Florida,<br><br>   Defendants. | **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**
**OF U.S. PATENT NO. 9,685,775;**
**VIOLATION OF THE FLORIDA UNFAIR AND**
**DECEPTIVE TRADE PACTICES ACT;**
**AND UNFAIR COMPETITION**

Plaintiff DINNTECO INTERNATIONAL, S.L. ("Dinnteco") files this Complaint against Defendants, CAPITOL ELECTRONICS SALES, INC, ("Capitol"), EMP DEFENSE, LLC ("EMP Defense"), SEAHAWKE RIGGING INC ("Seahawke"), RIPPING IT OUTDOORS LLC ("Ripping It")  and Jay Bharat Kothari d/b/a EMP Solutions ("Kothari"), (Capitol, EMP Defense, Seahawke, Ripping It and Kothari hereinafter shall be sometimes, collectively, "Defendants"), and hereby alleges as follows:

**THE PARTIES**

1.      Dinnteco is, and at all times relevant hereto was, a corporation duly organized and existing under the laws of the country of Andorra la Vella, with its principal place of business at av. de les escoles 30, 1-2, AD700 Escaldes Engordany, AD500 Andorra la Vella, Andorra.

2.      Dinnteco is informed and believes, and on that basis alleges, that Defendant Capitol

is an Indiana corporation, with offices in Plainfield, Indiana. Dinnteco is further informed and believes, and on that basis alleges, that Defendant Capitol is registered to do business in Florida, with Registered Agent offices in St. Petersburg, Florida.  Dinnteco is further informed and believes, and on that basis alleges, that Capitol is doing business as a distributor of electronic products in the United States, including, without limitation, in this Judicial District.

3.      Dinnteco is informed and believes, and on that basis alleges, that Defendant EMP Defense is a Michigan limited liability company, with offices in Newport, Michigan.  Dinnteco is further informed and believes, and on that basis alleges, that Defendant EMP Defense is doing business as a distributor of electronic products in the United States, including, without limitation, in this Judicial District.

4.      Dinnteco is informed and believes and, on that basis alleges, that Defendant Seahawke is a Florida corporation, with offices in Riviera Beach, Florida.  Dinnteco is further informed and believes, and on that basis alleges, that Defendant Seahawke is doing business as a distributor of electronic products in the United States, including, without limitation, in this Judicial District.

5.      Dinnteco is informed and believes and, on that basis alleges, that Defendant Ripping It is a Florida limited liability company, with offices in Miami, Florida.  Dinnteco is further informed and believes, and on that basis alleges, that Defendant Ripping It is doing business as a distributor of electronic products in the United States, including, without limitation, in this Judicial District.

6.      Dinnteco is informed and believes and, on that basis alleges, that Defendant Kothari is an individual residing in the state of Florida, with a place of residence in Melbourne, Florida. Dinnteco is further informed and believes, and on that basis alleges, that Defendant Kothari is doing business as a distributor of electronic products in the United States, including, without limitation, in this Judicial District.

7.     Dinnteco is informed and believes and, on that basis alleges, that Defendants are manufacturing, using, selling, distributing or offering for sale within the United States, or importing into the United States the infringing lightning arrestor products described below.

## JURISDICTION AND VENUE

8.     This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*; for violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Sta., § 501.201 *et seq.*; and for unfair competition under Florida common law.

9.     This Court has subject matter jurisdiction over the patent claims in this action pursuant to 28 U.S.C. §§ 1331, 1338. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §§ 1338 and 1367, because the claims are so related to Dinnteco's claims under federal law that they derive from a common nucleus of operative fact and form part of the same case or controversy.

10.     Defendants are subject to this Court's personal jurisdiction pursuant to their substantial business in this forum, including, their promoting, marketing, using, selling, offering for sale, importing and/or advertising their infringing products in or to this District and/or to businesses and individuals in this District. Dinnteco is further informed and believes, and on that basis alleges, that Defendants derive substantial revenue from the distribution, promotion, marketing, manufacture, use, sale, offer for sale, or import of infringing products in or to this District, and have thus purposefully availed themselves of the laws of this state. Moreover, this Court has personal jurisdiction over Defendants because, upon information and belief, Defendants committed acts of infringement within the forum state.

11.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c) and § 1400(b) because *inter alia*, Defendants have offices in this judicial district and conduct business in this judicial district. Also, Defendant Seahawke is incorporated in the State of Florida and Defendant Ripping It, is a Florida limited liability company duly organized under the laws of

Florida. Moreover, venue is proper in this judicial district because Defendants have committed acts of infringement in this District and/or a substantial part of the events and/or omissions giving rise to the claims asserted herein occurred in the Southern District of Florida.

## GENERAL ALLEGATIONS

12.     Dinnteco is in the business of developing, manufacturing, and selling high-quality, innovative lightning arrestor devices. Dinnteco invests considerable time, effort and money in developing and protecting its intellectual property, including the unique and novel functionality and structure of its products.

13.     Dinnteco is the owner of United States Patent Number 9,685,775, entitled "VARIABLE ELECTRIC FIELD BALANCING DEVICE" (hereinafter the "'775 Patent"), issued on June 20, 2017, a true and correct copy of which is attached hereto as **Exhibit A**.

14.     The '775 Patent pertains to a variable electric field balancing device, including, but not limited, as depicted in Fig. 1 and Fig. 2 below and as further exemplified in scope by independent claim 1 shown in FIG. 3 below. The '775 Patent is presumed to be valid and is *prima facie* proof that the claims recited in the '775 Patent are novel and non-obvious.

4



**Fig. 3**

<u>CLAIM 1 of the '775 Patent:</u>

1. A variable electric field balancing device comprising conductive capture elements separated by an electrical insulator incorporated on a mast (6) with earth connection (7), wherein the variable electric field balancing device further comprises a hollow assembly comprising an upper passive capture element (2), which acts as a capture electrode, and a lower passive capture element (3), which acts as a reception electrode, and both elements (2, 3) may have various geometric shapes on the outside, and an insulator element (4) arranged between said upper (2) and lower (3) elements maintaining them separated from each other at a variable distance (d) dependent on the conductivity coefficient of a set of materials said elements (2 and 3) are composed of, and a geometry of which, of the insulator element (4) is such that, in addition to internally separating the two elements, the insulator element externally covers the lower element (3) like a skirt to a lower base thereof, preventing the impact of a lightning bolt on said lower element (3) from being able to induce the generation of an upward leader, and it also has an expansion and compression valve (5) that connects an outer portion to an inner portion of the hollow assembly and which expands in phases of passage of current, absorption of external induced surges, or a combination thereof and is compressed at an end of a compensation of the variable electric field.

15.    Defendants are distributing, manufacturing, marketing, promoting, advertising,

5

using, selling, offering to sell, and/or importing the infringing device, the "CMCE" Lightning Suppressor identified below (or additional similar devices as further shown in **Exhibit B**), (the "Infringing Device(s)").



16.     Below is a claim chart illustrating the one for one correspondence of claim elements of the '775 Patent to elements in the Infringing Device.



17.     On Capitol's website (www.capitolelectronics.com), Capitol offers for sale a variety of "CMCE LIGHTNING SUPPRESSOR" products including "LAND MODELS" CMCE-25, CMCE-55, CMCE-120 and "MARINE MODELS" CMCE-GOLD, CMCE-PLATINUM, and CMCE-DIAMOND.   *See Exhibit B*.   Dinnteco is informed and believes, and on that basis alleges, that Capitol offers for sale and sells such CMCE products that infringes the '775 Patent. Dinnteco is informed and believes and, on that basis alleges, that Defendants' products in *Exhibit B* include all the elements similar to the CMCE Lightning Suppressor device identified in paragraph 16.

18.     On EMP Defense's website (www.empdefense.us), EMP Defense offers for sale a variety of "CMCE Lightning Suppressor" products including "CMCE120", "CMCE55", and "CMCE25" models.   *See Exhibit B*.   Dinnteco is informed and believes, and on that basis alleges, that EMP Defense offers for sale and sells such CMCE products that infringes the '775 Patent. Dinnteco is informed and believes and, on that basis alleges, that Defendants' products in *Exhibit B* include all the elements similar to the CMCE Lightning Suppressor device identified in paragraph 16.

19.     On Seahawke's website (www.seahawkemarine.com), Seahawke offers for sale a variety of "CMCE Lightning Protection Series" products including "CMCE-120 (Diamond)", "CMCE-25 (Gold)", "CMCE-50 (Platinum)", "CMCE-120 Residential/Commercial" and "CMCE-55 Residential/Commercial" models.   *See Exhibit B*.   Dinnteco is informed and believes, and on that basis alleges, that Seahawke offers for sale and sells such CMCE products that infringes the '775 Patent.   Dinnteco is informed and believes and, on that basis alleges, that Defendants' products in *Exhibit B* include all the elements similar to the CMCE Lightning Suppressor device identified in paragraph 16.

20.     On Ripping It's website (www.rippingitoutdoors.com), Ripping It offers for sale a variety of "Sertec Land Lightning Protection" and "Sertec Marine Lightning Protection" products including "CMCE Platinum (CMCE50)", "CMCE Gold (CMCE24)", "CMCE Gold (CMCE25)", "CMCE Diamond (CMCE120)", "CMCE Platinum (CMCE50)" for up to 99' vessels, and "CMCE

Diamond (CMCE120)" for 101,000sf+ and Up of Coverage (on land) models.   *See Exhibit B*.
Dinnteco is informed and believes, and on that basis alleges, that Ripping It offers for sale and
sells such CMCE products that infringes the '775 Patent.  Dinnteco is informed and believes and,
on that basis alleges, that Defendants' products in *Exhibit B* include all the elements similar to the
CMCE Lightning Suppressor device identified in paragraph 16.

21.     On EMP Solutions's and/or Kothari's website (www.empsolutionsinc.com),
Kothari offers for sale a variety of "Specialized Marine Models" of lightning protection products
including "Gold", "Platinum", and "Diamond" models.   *See Exhibit B*.  Dinnteco is informed and
believes, and on that basis alleges, that Kothari offers for sale and sells such CMCE products that
infringes the '775 Patent. Dinnteco is informed and believes and, on that basis alleges, that
Defendants' products in *Exhibit B* include all the elements similar to the CMCE Lightning
Suppressor device identified in paragraph 16.

22.     Dinnteco is informed and believes, and on that basis alleges each of the devices in
*Exhibit B* includes upper (2) and lower (3) elements that are separated from each other at a variable
distance (d) dependent on the conductivity coefficient of a set of materials for such respective
upper and lower elements (2 and 3).  See and compare with FIG. 2 of the '775 Patent.

23.     Dinnteco is informed and believes, and on that basis alleges, that some or all of the
Defendants are selling, reselling, or distributing product on behalf of Sertec S.R.L ("Sertec") that
are Infringing Devices.

24.     Sertec is a former authorized distributor of Dinnteco products which commenced
selling CMCE products that infringed the '775 Patent upon termination of its distribution
agreement.

25.     Sertec is a foreign entity not currently included as a defendant in this action.
Defendants' liability to Dinnteco is independent of any liability Sertec may likewise have.

**FIRST CAUSE OF ACTION**

**Patent Infringement, 35 U.S.C. §§ 101 *et seq.***

**(Against Defendant Capitol)**

26.     Dinnteco realleges and incorporates by reference paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.     At all times herein mentioned the '775 Patent was and is valid and fully enforceable. A granted U.S. patent is presumed valid.  The presumption of validity extends to each claim of the patent, even if some claims are dependent on others.  Each claim is presumed valid independently of the validity of the other claims.

28.     Capitol is offering lightning protection devices that infringe the '775 Patent, including at least the CMCE product shown in paragraph 15, above and the products shown in *Exhibit B*. As shown above in paragraph 16, a side-by-side comparison of Claim 1 of Dinnteco's '775 Patent and Capitol's Infringing Device(s) demonstrates this infringement.  Accordingly, the claim chart in paragraph 16 above illustrates that the Infringing Device(s) infringes at least Claim 1 of the '775 Patent.

29.     By the acts complained of herein, Capitol has been and is presently infringing the '775 Patent by actively and knowingly: (i) importing, distributing, making, using, selling and/or offering to sell products incorporating the features or elements of at least Claim 1 of the '775 Patent, including the above-identified devices; (ii) inducing others to infringe the '775 Patent by inducing others to import, sell, offer for sale, and/or use products incorporating the features or elements of at least one independent claim of the '775 Patent, including the above-identified devices; and/or (iii) contributing to the infringement of the '775 Patent.

30.     Capitol infringes literally or under the doctrine of equivalents, or both.

31.     At no material time has Dinnteco granted Capitol authorization, license, or permission to utilize the design claimed in the '775 Patent.

32.     Dinnteco has been damaged by Capitol's acts of infringement of the '775 Patent and Dinnteco will continue to be damaged by such infringement unless enjoined by this Court.

Dinnteco is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

33.     Dinnteco is, and has been, irreparably harmed by Capitol's on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Devices become entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Dinnteco enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Dinnteco's investment in developing the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Devices being sold at a price point lower than Dinnteco's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Devices, and (8) Capitol's unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

34.     Capitol's acts of infringement have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## SECOND CAUSE OF ACTION

**Violation of the Florida Unfair and Deceptive Trade Practices Act,
Fla. Stat.  § 501.201, *et seq.***

**(Against Defendant Capitol)**

35.     Dinnteco realleges and incorporates by reference paragraphs 1 through 25 of this Complaint as if fully set forth herein.

36.     This is an action for violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat., § 501.201 *et seq.*

37.     Capitol has willfully, deliberately and intentionally sold and/or offered for sale lightning protection devices that infringe the '775 Patent, including at least the CMCE Lightning

10

Suppressor shown in paragraph 15 or 16 of this Complaint, thereby deceiving the consuming public into believing that Capitol's' products are in some way affiliated with Dinnteco, when they are not.

38.     Capitol's acts described above constitute materially false representations of fact that have caused confusion, mistake, or deception as to the source, origin, sponsorship, and affiliation of Capitol's goods in violation of Florida Statute, § 501.204.

39.     Capitol continues to willfully offer for sale and sell products that infringe the '775 Patent, thereby misleading the consuming public in order to improperly benefit from Dinnteco's '775 Patent.

40.     Capitol's acts as described above have been without right, license or permission from Dinnteco.

41.     Capitol's conduct as described above has caused Dinnteco irreparable harm and actual damages in an amount to be determined at trial.

42.     On information and belief, Capitol intends to continue its deceptive and unfair trade practices described herein.

43.     Dinnteco has no adequate remedy without the intervention of this Court and monetary damages are insufficient to compensate Dinnteco.  Accordingly, Dinnteco is entitled to preliminary and/or permanent injunctive relief pursuant to Florida Statute, § 501.211.

44.     Because of Capitol's willful, deliberate and intentional conduct, Dinnteco is entitled to recover, among other things, its actual damages, reasonable attorneys' fees, and costs under Fla. Stat., §§ 501.211 and 501.2105.

### THIRD CAUSE OF ACTION

**Common Law Unfair Competition**

**(Against Defendant Capitol)**

45.     Dinnteco realleges and incorporates by reference paragraphs 1 through 25 of this Complaint as if fully set forth herein.

46.     This is a claim for unfair competition arising under the common law of the state of

Florida.

47.     By its foregoing deceptive and/or fraudulent conduct, Defendant Capitol has unfairly competed with Dinnteco, to the substantial and irreparable injury of Dinnteco's business reputations and goodwill.

48.     Defendant Capitol's conduct has deceived or is likely to deceive and unless restrained will continue to deceive or confuse the consumers and the public at large.

49.     Defendant Capitol's conduct has been designed to limit the competition it receives from Dinnteco, as well as to unfairly compete with Dinnteco by latching onto the goodwill of Dinnteco's goods/services and by creating false and misleading associations.

50.     Defendant Capitol's actions are likely to cause mistake, deceive as to affiliation, connection, and association with the '775 Patent, Dinnteco, its goods/services, and likely to deceive as to origin, sponsorship, and approval of Defendant Capitol's goods/services by Dinnteco.

51.     By such wrongful acts, Defendant Capitol has caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Dinnteco and to the goodwill associated with Dinnteco and its goods/services, including diversion of customers from Dinnteco, lost sales and lost profits, and Defendant Capitol will be unjustly enriched.

52.     Unless enjoined, Defendant Capitol will continue its unlawful conduct to the irreparable harm of Dinnteco, its goods/services, and related goodwill.

53.     Dinnteco has no adequate remedy at law.

## FOURTH CAUSE OF ACTION

### Patent Infringement, 35 U.S.C. §§ 101 *et seq.*

### (Against Defendant EMP Defense)

54.      Dinnteco realleges and incorporates by reference paragraphs 1 through 25 of this Complaint as if fully set forth herein.

55.     At all times herein mentioned the '775 Patent was and is valid and fully enforceable. A granted U.S. patent is presumed valid.  The presumption of validity extends to each claim of the patent, even if some claims are dependent on others.  Each claim is presumed valid independently

of the validity of the other claims.

56.     EMP Defense is offering lightning protection devices that infringe the '775 Patent, including at least the products shown in *Exhibit B which are believed to include the elements shown in paragraphs 15 and 16*. As shown above in paragraph 16, a side-by-side comparison of Claim 1 of Dinnteco's '775 Patent and EMP Defense's Infringing Devices demonstrates this infringement. Accordingly, the claim chart in paragraph 16 above illustrates that the Infringing Device(s) infringes at least Claim 1 of the '775 Patent.

57.     By the acts complained of herein, EMP Defense has been and is presently infringing the '775 Patent by actively and knowingly: (i) importing, distributing, making, using, selling and/or offering to sell products incorporating the features or elements of at least Claim 1 of the '775 Patent, including the above-identified devices; (ii) inducing others to infringe the '775 Patent by inducing others to import, sell, offer for sale, and/or use products incorporating the features or elements of at least one independent claim of the '775 Patent, including the above-identified devices; and/or (iii) contributing to the infringement of the '775 Patent.

58.     EMP Defense infringes literally or under the doctrine of equivalents, or both.

59.     At no material time has Dinnteco granted EMP Defense authorization, license, or permission to utilize the design claimed in the '775 Patent.

60.     Dinnteco has been damaged by EMP Defense's acts of infringement of the '775 Patent and Dinnteco will continue to be damaged by such infringement unless enjoined by this Court. Dinnteco is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

61.     Dinnteco is, and has been, irreparably harmed by EMP Defense's on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Devices become entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Dinnteco enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Dinnteco's investment in

developing the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Devices being sold at a price point lower than Dinnteco's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Devices, and (8) EMP Defense's unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

62.     EMP Defense's acts of infringement have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

### FIFTH CAUSE OF ACTION

**Violation of the Florida Unfair and Deceptive Trade Practices Act,
Fla. Stat.  § 501.201, *et seq.***

**(Against Defendant EMP Defense)**

63.     Dinnteco realleges and incorporates by reference paragraphs 1 through 25 of this Complaint as if fully set forth herein.

64.     This is an action for violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat., § 501.201 *et seq.*

65.     EMP Defense has willfully, deliberately and intentionally sold and/or offered for sale lightning protection devices that infringe the '775 Patent, including at least the CMCE Lightning Suppressor shown in paragraph 15 or 16 of this Complaint, thereby deceiving the consuming public into believing that EMP Defense's' products are in some way affiliated with Dinnteco, when they are not.

66.     EMP Defense's acts described above constitute materially false representations of fact that have caused confusion, mistake, or deception as to the source, origin, sponsorship, and affiliation of EMP Defense's goods in violation of Florida Statute, § 501.204.

67.     EMP Defense continues to willfully offer for sale and sell products that infringe the

14

'775 Patent, thereby misleading the consuming public in order to improperly benefit from Dinnteco's '775 Patent.

68.     EMP Defense's acts as described above have been without right, license or permission from Dinnteco.

69.     EMP Defense's conduct as described above has caused Dinnteco irreparable harm and actual damages in an amount to be determined at trial.

70.     On information and belief, EMP Defense intends to continue its deceptive and unfair trade practices described herein.

71.     Dinnteco has no adequate remedy without the intervention of this Court and monetary damages are insufficient to compensate Dinnteco.  Accordingly, Dinnteco is entitled to preliminary and/or permanent injunctive relief pursuant to Florida Statute, § 501.211.

72.     Because of EMP Defense's willful, deliberate and intentional conduct, Dinnteco is entitled to recover, among other things, its actual damages, reasonable attorneys' fees, and costs under Fla. Stat., §§ 501.211 and 501.2105.

**SIXTH CAUSE OF ACTION**

**Common Law Unfair Competition**

**(Against Defendant EMP Defense)**

73.     Dinnteco realleges and incorporates by reference paragraphs 1 through 25 of this Complaint as if fully set forth herein.

74.     This is a claim for unfair competition arising under the common law of the state of Florida.

75.     By its foregoing deceptive and/or fraudulent conduct, Defendant EMP Defense has unfairly competed with Dinnteco, to the substantial and irreparable injury of Dinnteco's business reputations and goodwill.

76.     Defendant EMP Defense's conduct has deceived or is likely to deceive and unless restrained will continue to deceive or confuse the consumers and the public at large.

77.     Defendant EMP Defense's conduct has been designed to limit the competition it receives from Dinnteco, as well as to unfairly compete with Dinnteco by latching onto the goodwill of Dinnteco's goods/services and by creating false and misleading associations.

78.     Defendant EMP Defense's actions are likely to cause mistake, deceive as to affiliation, connection, and association with the '775 Patent, Dinnteco, its goods/services, and likely to deceive as to origin, sponsorship, and approval of Defendant EMP Defense's goods/services by Dinnteco.

79.     By such wrongful acts, Defendant EMP Defense has caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Dinnteco and to the goodwill associated with Dinnteco and its goods/services, including diversion of customers from Dinnteco, lost sales and lost profits, and Defendant EMP Defense will be unjustly enriched.

80.     Unless enjoined, Defendant EMP Defense will continue its unlawful conduct to the irreparable harm of Dinnteco, its goods/services, and related goodwill.

81.     Dinnteco has no adequate remedy at law.

## SEVENTH CAUSE OF ACTION

### Patent Infringement, 35 U.S.C. §§ 101 *et seq.*

### (Against Defendant Seahawke)

82.     Dinnteco realleges and incorporates by reference paragraphs 1 through 25 of this Complaint as if fully set forth herein.

83.     At all times herein mentioned the '775 Patent was and is valid and fully enforceable. A granted U.S. patent is presumed valid.  The presumption of validity extends to each claim of the patent, even if some claims are dependent on others.  Each claim is presumed valid independently of the validity of the other claims.

84.     Seahawke is offering lightning protection devices that infringe the '775 Patent, including at least the products shown in *Exhibit B which are believed to include the elements shown in paragraphs 15 and 16*. As shown above in paragraph 16, a side-by-side comparison of Claim 1 of Dinnteco's '775 Patent and Seahawke's Infringing Devices demonstrates this infringement.

Accordingly, the claim chart in paragraph 16 above illustrates that the Infringing Device(s) infringes at least Claim 1 of the '775 Patent.

85.     By the acts complained of herein, Seahawke has been and is presently infringing the '775 Patent by actively and knowingly: (i) importing, distributing, making, using, selling and/or offering to sell products incorporating the features or elements of at least Claim 1 of the '775 Patent, including the above-identified devices; (ii) inducing others to infringe the '775 Patent by inducing others to import, sell, offer for sale, and/or use products incorporating the features or elements of at least one independent claim of the '775 Patent, including the above-identified devices; and/or (iii) contributing to the infringement of the '775 Patent.

86.     Seahawke infringes literally or under the doctrine of equivalents, or both.

87.     At no material time has Dinnteco granted Seahawke authorization, license, or permission to utilize the design claimed in the '775 Patent.

88.     Dinnteco has been damaged by Seahawke's acts of infringement of the '775 Patent and Dinnteco will continue to be damaged by such infringement unless enjoined by this Court. Dinnteco is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

89.     Dinnteco is, and has been, irreparably harmed by Seahawke's on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Devices become entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Dinnteco enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Dinnteco's investment in developing the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Devices being sold at a price point lower than Dinnteco's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Devices, and (8) Seahawke's unauthorized sales that are enticing

others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

90. Seahawke's acts of infringement have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## EIGHTH CAUSE OF ACTION

### Violation of the Florida Unfair and Deceptive Trade Practices Act, Fla. Stat. § 501.201, *et seq.*

### (Against Defendant Seahawke)

91. Dinnteco realleges and incorporates by reference paragraphs 1 through 25 of this Complaint as if fully set forth herein.

92. This is an action for violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat., § 501.201 *et seq.*

93. Seahawke has willfully, deliberately and intentionally sold and/or offered for sale lightning protection devices that infringe the '775 Patent, including at least the CMCE Lightning Suppressor shown in paragraph 15 or 16 of this Complaint, thereby deceiving the consuming public into believing that EMP Defense's' products are in some way affiliated with Dinnteco, when they are not.

94. Seahawke's acts described above constitute materially false representations of fact that have caused confusion, mistake, or deception as to the source, origin, sponsorship, and affiliation of Seahawke's goods in violation of Florida Statute, § 501.204.

95. Seahawke continues to willfully offer for sale and sell products that infringe the '775 Patent, thereby misleading the consuming public in order to improperly benefit from Dinnteco's '775 Patent.

96. Seahawke's acts as described above have been without right, license or permission from Dinnteco.

97. Seahawke's conduct as described above has caused Dinnteco irreparable harm and

actual damages in an amount to be determined at trial.

98.     On information and belief, Seahawke intends to continue its deceptive and unfair trade practices described herein.

99.     Dinnteco has no adequate remedy without the intervention of this Court and monetary damages are insufficient to compensate Dinnteco.  Accordingly, Dinnteco is entitled to preliminary and/or permanent injunctive relief pursuant to Florida Statute, § 501.211.

100.     Because of Seahawke's willful, deliberate and intentional conduct, Dinnteco is entitled to recover, among other things, its actual damages, reasonable attorneys' fees, and costs under Fla. Stat., §§ 501.211 and 501.2105.

## NINTH CAUSE OF ACTION

### Common Law Unfair Competition

### (Against Defendant Seahawke)

101.     Dinnteco realleges and incorporates by reference paragraphs 1 through 25 of this Complaint as if fully set forth herein.

102.     This is a claim for unfair competition arising under the common law of the state of Florida.

103.     By its foregoing deceptive and/or fraudulent conduct, Defendant Seahawke has unfairly competed with Dinnteco, to the substantial and irreparable injury of Dinnteco's business reputations and goodwill.

104.     Defendant Seahawke's conduct has deceived or is likely to deceive and unless restrained will continue to deceive or confuse the consumers and the public at large.

105.     Defendant Seahawke's conduct has been designed to limit the competition it receives from Dinnteco, as well as to unfairly compete with Dinnteco by latching onto the goodwill of Dinnteco's goods/services and by creating false and misleading associations.

106.     Defendant Seahawke's actions are likely to cause mistake, deceive as to affiliation, connection, and association with the '775 Patent, Dinnteco, its goods/services, and likely to deceive as to origin, sponsorship, and approval of Defendant Seahawke's goods/services by

Dinnteco.

107.    By such wrongful acts, Defendant Seahawke has caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Dinnteco and to the goodwill associated with Dinnteco and its goods/services, including diversion of customers from Dinnteco, lost sales and lost profits, and Defendant Seahawke will be unjustly enriched.

108.    Unless enjoined, Defendant Seahawke will continue its unlawful conduct to the irreparable harm of Dinnteco, its goods/services, and related goodwill.

109.    Dinnteco has no adequate remedy at law.

**TENTH CAUSE OF ACTION**

**Patent Infringement, 35 U.S.C. §§ 101 *et seq.***

**(Against Defendant Ripping It)**

110.    Dinnteco realleges and incorporates by reference paragraphs 1 through 25 of this Complaint as if fully set forth herein.

111.    At all times herein mentioned the '775 Patent was and is valid and fully enforceable. A granted U.S. patent is presumed valid.  The presumption of validity extends to each claim of the patent, even if some claims are dependent on others.  Each claim is presumed valid independently of the validity of the other claims.

112.    Ripping It is offering lightning protection devices that infringe the '775 Patent, including at least the products shown in *Exhibit B which are believed to include the elements shown in paragraphs 15 and 16*. As shown above in paragraph 16, a side-by-side comparison of Claim 1 of Dinnteco's '775 Patent and Ripping It's Infringing Devices demonstrate this infringement. Accordingly, the claim chart in paragraph 16 above illustrates that the Infringing Device(s) infringes at least Claim 1 of the '775 Patent.

113.    By the acts complained of herein, Ripping It has been and is presently infringing the '775 Patent by actively and knowingly: (i) importing, distributing, making, using, selling and/or offering to sell products incorporating the features or elements of at least Claim 1 of the '775 Patent, including the above-identified devices; (ii) inducing others to infringe the '775 Patent

by inducing others to import, sell, offer for sale, and/or use products incorporating the features or elements of at least one independent claim of the '775 Patent, including the above-identified devices; and/or (iii) contributing to the infringement of the '775 Patent.

114.    Ripping It infringes literally or under the doctrine of equivalents, or both.

115.    At no material time has Dinnteco granted Ripping It authorization, license, or permission to utilize the design claimed in the '775 Patent.

116.    Dinnteco has been damaged by Ripping It's acts of infringement of the '775 Patent and Dinnteco will continue to be damaged by such infringement unless enjoined by this Court. Dinnteco is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

117.    Dinnteco is, and has been, irreparably harmed by Ripping It's on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Devices become entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Dinnteco enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Dinnteco's investment in developing the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Devices being sold at a price point lower than Dinnteco's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Devices, and (8) Ripping It's unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

118.    Ripping It's acts of infringement have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## ELEVENTH CAUSE OF ACTION

### Violation of the Florida Unfair and Deceptive Trade Practices Act, Fla. Stat. § 501.201, *et seq.*

#### (Against Defendant Ripping It)

119.    Dinnteco realleges and incorporates by reference paragraphs 1 through 25 of this Complaint as if fully set forth herein.

120.    This is an action for violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat., § 501.201 *et seq.*

121.    Ripping It has willfully, deliberately and intentionally sold and/or offered for sale lightning protection devices that infringe the '775 Patent, including at least the CMCE Lightning Suppressor shown in paragraph 15 or 16 of this Complaint, thereby deceiving the consuming public into believing that EMP Defense's' products are in some way affiliated with Dinnteco, when they are not.

122.    Ripping It's acts described above constitute materially false representations of fact that have caused confusion, mistake, or deception as to the source, origin, sponsorship, and affiliation of EMP Defense's goods in violation of Florida Statute, § 501.204.

123.    Ripping It continues to willfully offer for sale and sell products that infringe the '775 Patent, thereby misleading the consuming public in order to improperly benefit from Dinnteco '775 Patent.

124.    Ripping It's acts as described above have been without right, license or permission from Dinnteco.

125.    Ripping It's conduct as described above has caused Dinnteco irreparable harm and actual damages in an amount to be determined at trial.

126.    On information and belief, Ripping It intends to continue its deceptive and unfair trade practices described herein.

127.    Dinnteco has no adequate remedy without the intervention of this Court and monetary damages are insufficient to compensate Dinnteco.  Accordingly, Dinnteco is entitled to

preliminary and/or permanent injunctive relief pursuant to Florida Statute, § 501.211.

128.    Because of Ripping It's willful, deliberate and intentional conduct, Dinnteco is entitled to recover, among other things, its actual damages, reasonable attorneys' fees, and costs under Fla. Stat., §§ 501.211 and 501.2105.

## TWELFTH CAUSE OF ACTION

### Common Law Unfair Competition

### (Against Defendant Ripping It)

129.    Dinnteco realleges and incorporates by reference paragraphs 1 through 25 of this Complaint as if fully set forth herein.

130.    This is a claim for unfair competition arising under the common law of the state of Florida.

131.    By its foregoing deceptive and/or fraudulent conduct, Defendant Ripping It has unfairly competed with Dinnteco, to the substantial and irreparable injury of Dinnteco's business reputations and goodwill.

132.    Defendant Ripping It's conduct has deceived or is likely to deceive and unless restrained will continue to deceive or confuse the consumers and the public at large.

133.    Defendant Ripping It's conduct has been designed to limit the competition it receives from Dinnteco, as well as to unfairly compete with Dinnteco by latching onto the goodwill of Dinnteco's goods/services and by creating false and misleading associations.

134.    Defendant Ripping It's actions are likely to cause mistake, deceive as to affiliation, connection, and association with the '775 Patent, Dinnteco, its goods/services, and likely to deceive as to origin, sponsorship, and approval of Defendant Ripping It's goods/services by Dinnteco.

135.    By such wrongful acts, Defendant Ripping It has caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Dinnteco and to the goodwill associated with Dinnteco and its goods/services, including diversion of customers from

Dinnteco, lost sales and lost profits, and Defendant Ripping It will be unjustly enriched.

136.    Unless enjoined, Defendant Ripping It will continue its unlawful conduct to the irreparable harm of Dinnteco, its goods/services, and related goodwill.

137.    Dinnteco has no adequate remedy at law.

### THIRTEENTH CAUSE OF ACTION

### Patent Infringement, 35 U.S.C. §§ 101 *et seq.*

### (Against Defendant Kothari)

138.    Dinnteco realleges and incorporates by reference paragraphs 1 through 25 of this Complaint as if fully set forth herein.

139.    At all times herein mentioned the '775 Patent was and is valid and fully enforceable. A granted U.S. patent is presumed valid.  The presumption of validity extends to each claim of the patent, even if some claims are dependent on others.  Each claim is presumed valid independently of the validity of the other claims.

140.    Kothari is offering lightning protection devices that infringe the '775 Patent, including at least the products shown in *Exhibit B which are believed to include the elements shown in paragraphs 15 and 16* . As shown above in paragraph 16, a side-by-side comparison of Claim 1 of Dinnteco's '775 Patent and Kothari's Infringing Devices demonstrate this infringement. Accordingly, the claim chart in paragraph 16 above illustrates that the Infringing Device(s) infringes at least Claim 1 of the '775 Patent.

141.    By the acts complained of herein, Kothari has been and is presently infringing the '775 Patent by actively and knowingly: (i) importing, distributing, making, using, selling and/or offering to sell products incorporating the features or elements of at least Claim 1 of the '775 Patent, including the above-identified devices; (ii) inducing others to infringe the '775 Patent by inducing others to import, sell, offer for sale, and/or use products incorporating the features or elements of at least one independent claim of the '775 Patent, including the above-identified devices; and/or (iii) contributing to the infringement of the '775 Patent.

142.    Kothari infringes literally or under the doctrine of equivalents, or both.

143.    At no material time has Dinnteco granted Kothari authorization, license, or permission to utilize the design claimed in the '775 Patent.

144.    Dinnteco has been damaged by Kothari's acts of infringement of the '775 Patent and Dinnteco will continue to be damaged by such infringement unless enjoined by this Court. Dinnteco is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

145.    Dinnteco is, and has been, irreparably harmed by Kothari's on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Devices become entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Dinnteco enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Dinnteco's investment in developing the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Devices being sold at a price point lower than Dinnteco's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Devices, and (8) Kothari's unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

146.    Kothari's acts of infringement have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## FOURTEENTH CAUSE OF ACTION

### Violation of the Florida Unfair and Deceptive Trade Practices Act, Fla. Stat. § 501.201, *et seq.*

### (Against Defendant Kothari)

147.    Dinnteco realleges and incorporates by reference paragraphs 1 through 25 of this Complaint as if fully set forth herein.

148.    This is an action for violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat., § 501.201 *et seq.*

149.    Kothari has willfully, deliberately and intentionally sold and/or offered for sale lightning protection devices that infringe the '775 Patent, including at least the CMCE Lightning Suppressor shown in paragraph 15 or 16 of this Complaint, thereby deceiving the consuming public into believing that Kothari's products are in some way affiliated with Dinnteco, when they are not.

150.    Kothari's acts described above constitute materially false representations of fact that have caused confusion, mistake, or deception as to the source, origin, sponsorship, and affiliation of Kothari's goods in violation of Florida Statute, § 501.204.

151.    Kothari's continues to willfully offer for sale and sell products that infringe the '775 Patent, thereby misleading the consuming public in order to improperly benefit from Dinnteco '775 Patent.

152.    Kothari's acts as described above have been without right, license or permission from Dinnteco.

153.    Kothari's conduct as described above has caused Dinnteco irreparable harm and actual damages in an amount to be determined at trial.

154.    On information and belief, Kothari intends to continue its deceptive and unfair trade practices described herein.

155.    Dinnteco has no adequate remedy without the intervention of this Court and monetary damages are insufficient to compensate Dinnteco.  Accordingly, Dinnteco is entitled to preliminary and/or permanent injunctive relief pursuant to Florida Statute, § 501.211.

156.    Because of Kothari's willful, deliberate and intentional conduct, Dinnteco is entitled to recover, among other things, its actual damages, reasonable attorneys' fees, and costs under Fla. Stat., §§ 501.211 and 501.2105.

<u>**FIFTEENTH CAUSE OF ACTION**</u>

**Common Law Unfair Competition**

**(Against Defendant Kothari)**

157.    Dinnteco realleges and incorporates by reference paragraphs 1 through 25 of this Complaint as if fully set forth herein.

158.    This is a claim for unfair competition arising under the common law of the state of Florida.

159.    By its foregoing deceptive and/or fraudulent conduct, Defendant Kothari has unfairly competed with Dinnteco, to the substantial and irreparable injury of Dinnteco's business reputations and goodwill.

160.    Defendant Kothari's conduct has deceived or is likely to deceive and unless restrained will continue to deceive or confuse the consumers and the public at large.

161.    Defendant Kothari's conduct has been designed to limit the competition it receives from Dinnteco, as well as to unfairly compete with Dinnteco by latching onto the goodwill of Dinnteco's goods/services and by creating false and misleading associations.

162.    Defendant Kothari's actions are likely to cause mistake, deceive as to affiliation, connection, and association with the '775 Patent, Dinnteco, its goods/services, and likely to deceive as to origin, sponsorship, and approval of Defendant Kothari's goods/services by Dinnteco.

163.    By such wrongful acts, Defendant Kothari has caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Dinnteco and to the goodwill associated with Dinnteco and its goods/services, including diversion of customers from Dinnteco, lost sales and lost profits, and Defendant Kothari will be unjustly enriched.

164.    Unless enjoined, Defendant Kothari will continue its unlawful conduct to the irreparable harm of Dinnteco, its goods/services, and related goodwill.

165.    Dinnteco has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Dinnteco prays for judgment as follows:

A.     For an order finding that the '775 Patent is valid and enforceable;

B.     For an order finding that Defendants have infringed the '775 Patent directly, contributorily, and/or by inducement, literally or by equivalents, in violation of 35 U.S.C. § 271;

C.     For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from infringing the '775 Patent directly, contributorily and/or by inducement, or otherwise engaging in acts of unfair competition;

D.     For a judgment directing that any products in the possession, custody or control of Defendants which infringe the '775 Patent be delivered up and destroyed within 30 days of entry of judgment;

E.     For a judgment directing Defendants to recall all such infringing products and any other materials sold, distributed, advertised or marketed which infringe the '775 Patent;

F.     For an order directing Defendants to file with the Court, and serve upon Dinnteco's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which each of them has complied with the injunction;

G.     For an order finding that Defendants' conduct alleged herein was willful and intentional and in conscious disregard of Dinnteco's rights;

H.     For an order finding that Defendants' conduct alleged herein violates the Florida Deceptive and Unfair Trade Practices Act;

I.     For an order finding that Defendants have unfairly competed with Dinnteco;

J.      For compensatory damages in an amount to be proven at trial, including

disgorgement of profits or gains of any kind made by Defendants from their

infringing acts, lost profits and/or reasonable royalty, in amounts to be fixed by the

Court in accordance with proof, including general, statutory, enhanced, exemplary,

treble, and/or punitive damages, as appropriate;

K.      For an order finding that this is an exceptional case, and awarding Plaintiff's

reasonable attorney's fees according to proof;

L.      For an order awarding Dinnteco its costs of court; and

M.      For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Dinnteco respectfully demands a trial by jury as to all matters so triable pursuant to Rule

38 of the Federal Rules of Civil Procedure.


Dated: June 20, 2025

*/s/ Elio F. Martinez, Jr.*
Elio F. Martinez, Jr.
Fla. Bar. No. 501158
elio.martinez@gray-robinson.com
Francesca Russo
Fla. Bar. No. 174912
francesca.russo@gray-robinson.com
**GRAY | ROBINSON, P.A.**
333 S.E. 2nd Ave., Suite 3200
Miami, Florida  33131
Tel:  (305)  416-6800
Fax:  (305)  416-6887

*Attorneys for Plaintiff*
*Dinnteco International, S.L.*