UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-22786-CIV-ALTONAGA

**DINNTECO INTERNATIONAL, S.L.**,

    Plaintiff,
v.

**CAPITOL ELECTRONICS SALES, INC.**; *et al.*,

    Defendants.

_____/

# ORDER

**THIS CAUSE** came before the Court *sua sponte*. On September 2, 2025, the Clerk entered Default [ECF No. 34] against Defendant, Seahawke Marine Inc. ("Defendant"), following its failure to appear or respond to Plaintiff, Dinnteco International, S.L.'s Amended Complaint for Patent Infringement . . . [ECF No. 26]. Accordingly, it is

**ORDERED** that Plaintiff, Dinnteco International, S.L. must file one of the following two responses by **September 17, 2025**:

(1) Where there is only one defendant, or where there are multiple defendants,[1] but no allegations of joint and several liability among the defendants, and no possibility of inconsistent liability between defendants, Plaintiff shall file a *motion for default final judgment*.

The *motion for default final judgment* must include affidavits of any sum certain due by Defendant and any other supporting documentation necessary to determine Plaintiff's measure of damages. The *motion* shall also be accompanied by (1) a proposed order; and (2) a proposed final

---

[1] If there are multiple defendants, Plaintiff must state in the *motion for default final judgment* that there are no allegations of joint and several liability and set forth the basis why there is no possibility of inconsistent liability.

judgment. Pursuant to the CM/ECF Administrative Procedures, the proposed orders **shall be submitted to the Court by e-mail in Word format** at altonaga@flsd.uscourts.gov. Plaintiff shall send a copy of the *motion* to Defendant. In the certificate of service, Plaintiff shall indicate that notice was sent to Defendant and the address where the notice was sent.

If Defendant fails to move to set aside the Clerk's Default or respond to the *motion for default final judgment* within the time permitted by the Rules, default final judgment may be entered, which, simply put, means Plaintiff may be able to take Defendant's property or money, and/or obtain other relief against Defendant.

(2) Where there are multiple defendants and allegations of joint and several liability, or the possibility of inconsistent liability between defendants, Plaintiff shall file a *notice of joint liability*. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2690 (4th ed. 2021) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

The *notice of joint liability* must briefly describe the allegations and advise the Court of the status of the other defendants' liability. Once liability is resolved as to all defendants, Plaintiff may move for the entry of default final judgment against Defendant, as described in (1) above, no later than 14 days thereafter.

CASE NO. 25-22786-CIV-ALTONAGA/Reid

\*     \*     \*

Plaintiff's failure to file for a *motion for default final judgment* or *notice of joint liability* within the specified time will result in a **dismissal** of the case without prejudice and without further notice.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of September, 2025.

_____
**CECILIA M. ALTONAGA
CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record