UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DINNTECO INTERNATIONAL, S.L., an entity of Andorra la Vella,<br><br>    Plaintiff,<br><br>v.<br><br>CAPITOL ELECTRONICS SALES, INC., an Indiana corporation; EMP DEFENSE, LLC, a Michigan limited liability company; SEAHAWKE RIGGING INC., a Florida corporation; RIPPING IT OUTDOORS LLC, a Florida limited liability company; and JAY BHARAT KOTHARI d/b/a EMP Solutions, an individual residing in the state of Florida,<br><br>    Defendants. | Case No. 1:25-cv-22786 |

**DEFENDANTS EMP DEFENSE, LLC, JAY BHARAT KOTHARI AND CAPITOL ELECTRONICS SALES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND MEMORANDUM IN SUPPORT**

    Plaintiff's request for wide ranging venue discovery and a 60-day extension (D.E. 47, D.E. 51) should be denied. Because this is a patent case, venue is tightly defined and the additional discovery sought by Plaintiff is not germane to this Court's venue analysis. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017); 28 U.S.C. § 1400(b). Plaintiff has the burden of proof on venue and had a pre-suit obligation to investigate venue against each of the defendants it named which it did not do. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1014 (Fed. Cir. 2018); Fed. R. Civ. P. 11.

    In fact, Plaintiff failed to identify any specific basis for venue against the moving Defendants in its Complaint or its July 31, 2025 First Amended Complaint ("FAC"). See D.E. 1, D.E. 26. Defendants therefore moved to dismiss under Rule 12(b)(3), supporting their position, with sworn declarations. D.E. 45. Defendants also moved under Rule 12(b)(6) insofar as Plaintiff

1

failed to provide plausible notice of patent infringement. *Id.* Plaintiff's response to that motion was due on September 25, 2025, but Plaintiff elected not to respond.

Instead, Plaintiff requested an extension of 60 days for venue discovery.[1] Plaintiff's request for venue discovery is fundamentally a discovery dispute. The law is clear that prior to receiving such discovery Plaintiff must present a non-frivolous basis for venue under 28 U.S.C. § 1400(b). *Delta Electronics, Inc. v. Vicor Corp.*, 724 F. Supp. 3d 645, 656 (W.D. Tex. 2024) ("Venue discovery may be warranted where a plaintiff presents a non-frivolous basis for venue."). Rather than setting forth such basis Plaintiff has ignored Defendants' Rule 12 motion and raced forward with wide ranging blanket discovery untethered to any underlying basis for venue. That discovery seeks information that Plaintiff already has as a result of Defendants' sworn declarations or is irrelevant to venue. Plaintiff's actions are improper. As explained in *Symbology Innovations, LLC v. Lego Systems, Inc.*:

> Moreover, allowing plaintiffs to file suit in far-flung districts and then demand discovery on the issue of venue would recreate the inconvenience that venue rules were intended to prevent—the defendant would still be required to litigate in an inconvenient district. This unfairness is exacerbated when, as here, the parties essentially have no connection to the plaintiff's chosen forum… Symbology's request for venue-specific discovery is denied because the company has not offered a basis to believe discovery will yield information supporting venue under any factor.

282 F. Supp. 3d 916, 934 (E.D. Va. 2017). And the Southern District of Florida follows these same principles. *See, e.g.*, *Patent Holder LLC v. Lone Wolf Distribs.*, 2017 WL 5032989 (S.D. Fla. Oct. 31, 2017) (denying discovery where plaintiff failed to offer any basis for its belief that discovery would yield information supporting venue under 28 U.S.C. § 1400(b)). Since neither Plaintiff's

---

[1] Plaintiff did not seek expedited consideration of this motion. At present Plaintiff is in default on the Rule 12 motion.

pleadings, nor its brief, sets forth any colorable basis for venue, Plaintiff's request for discovery, and the time needed to conduct such discovery should be denied.[2]

Contrary to Plaintiff's argument, it does not have an absolute right to take discovery. The case law cited by Plaintiff is legally and factually distinguishable. First, Plaintiff cites *Celgene Corp. v. Hetero Labs Ltd.*, where the court's primary basis for denying the defendant's Rule 12(b)(3) motion was that Defendant's motion was filed before the Federal Circuit issued its opinion in *In re Cray*.[3] *Celgene Corp. v. Hetero Labs Ltd.*, 2018 U.S. Dist. LEXIS 34025 at *8-10 (D.N.J. Mar. 2, 2018); *see also In re Cray* 871 F.3d 1355 (Fed. Cir. 2017). The court concluded that based on the newly identified *Cray* factors the "record, at present, did not permit it to make a finding" as to whether venue was proper. *Id*. Additionally, *Celgene* was decided before the Federal Circuit issued its ruling in *In re ZTE (USA) Inc*.[4] Plaintiff also cites, in a footnote, *St. Croix Surgical Sys., LLC v. Cardinal Health, Inc.*, 2018 WL 9869367 (E.D. Tex. Feb. 28, 2018). *St. Croix Surgical* was also decided before *In re ZTE (USA) Inc*. Additionally, the facts in *St. Croix Surgical* are readily distinguishable, notably that the plaintiff presented evidence that contradicted defendant's

---

[2] The parties conferred on September 30, at Defendants' request, as mandated by Judge Reid's Standing Discovery Order. D.E. 32, D.E. 50. During that call Defendants asked Plaintiff how its discovery would support venue. In that call it was apparent that Plaintiff was unfamiliar with substantial controlling venue case law. For example, Plaintiff justifies its requests for communications because email servers may be located in Florida. But this premise was rejected in *In re Google,* 949 F.3d 1338 (Fed. Cir. 2020) (holding that computer equipment owned by Google in the district was insufficient because a place of business generally requires an employee or agent). Also, agency for purposes of venue is strictly applied. *In re Volkswagen*, Appeal Nos. 2022-108, 2022-109, 2022 WL 697526 (Fed. Cir. Mar. 9, 2022) (holding that control by Volkswagen of dealership was insufficient to establish agency and thus venue was not proper). Here, Plaintiff offers no facts, much less facts that would meet the strict standards demanded by the Federal Circuit.

[3] Defendant Hetero Labs Ltd.'s motion to dismiss was filed on August 9, 2017 (D.E. 56), and the Federal Circuit decided *In re Cray* on Sept. 21, 2017.

[4] The *Celgene* opinion cited by Plaintiff was issued on Mar. 2, 2018, and *In re ZTE* was decided on May 14, 2018.

declarations. The *St. Croix Surgical* court noted that defendant's declarations did not "explain why, despite prominent use of [defendant's] mark, these are not [defendant's] places of business…." *St. Croix Surgical* at *2.

Finally, Plaintiff's cite *Genentech, Inc. v. Eli Lilly & Co.*, 2019 WL 1923087 (S.D. Cal. Apr. 29, 2019). But again, *Genentech* is readily distinguished from the facts here. In *Genentech*, the defendant admitted to having a regular and established place of business in the district. *Id*. at *1-2. Defendant argued that it had not committed acts of infringement at the regular and established place of business. *Id*. The sole issue for venue discovery was the nexus between the alleged acts of infringement and defendant's regular and established place of business. *Id*. None of the cases cited by Plaintiff support its argument for venue discovery or an extension to carry out the same.

At bottom, Plaintiff bears the burden to prove that venue, under 28 U.S.C. § 1400(b) is proper in this district. *In re ZTE (USA) Inc.*, 890 F.3d at 1014. Neither Plaintiff's pleadings, the Complaint, nor FAC set forth a colorable basis for venue against any of EMP Defense LLC, Mr. Jay Kothari, or Capitol Electronics Sales, Inc. Plaintiff does not question or contradict the veracity of Defendants' evidence, nor does Plaintiff provide any reason why it, in good faith, believes its expansive discovery would reveal facts which would establish venue against any of the Defendants. Here, Plaintiff already has the information it seeks and the bulk of Plaintiff's discovery is unrelated to the Court's venue analysis. Defendants should not be required to incur the time and cost of participating in wasteful discovery where such discovery will not establish venue.

Instead of setting forth a good faith basis, Plaintiff is looking to initiate the litigation to force Defendants to litigate in this District as was rejected in *Symblogy*, supra. In this regard, and knowing that discovery was contested, Plaintiff was mandated to follow Judge Reid's Standing

4

Discovery Order. D.E. 32, D.E. 50. Plaintiff, however, did not, and instead played semantic games mischaracterizing its motion as one purely asking for more time to respond to Defendants' Rule 12 motion. See attached Exhibit A and Exhibit B.

To rectify Plaintiff's disregard of Judge Reid's Standing Discovery Order, Defendants requested a conference with Plaintiff to discuss the disputed discovery and also to discuss Plaintiff's failure to file a response to Defendants' Rule 12 motion absent an Order extending time. That conference occurred on Tuesday September 30. In that conference Plaintiff again could not articulate how any of its discovery would ultimately lead to the conclusion that venue was proper. Per Judge Reid's Standing Order Defendant will be submitting a communication to Judge Reid summarizing the issues. The parties have joint availability on Wednesday, October 29, between 9:00AM and 1:00PM. To the extent this issue is not resolved by Judge Reid, Defendants request leave to file a supplemental brief.

Dated: September 30, 2025

Respectfully submitted,

By:   *s/ Gregory S. Weiss*
**Gregory S. Weiss, Esq.**
Florida Bar No. 163430
TAFT STETTINIUS & HOLLISTER LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
gweiss@taftlaw.com
Tel. (561) 655-2250

**Thomas E. Bejin, Esq.,** *Admitted Pro Hac Vice*
tbejin@taftlaw.com
**William K. Broman, Esq.,** *Admitted Pro Hac Vice*
wbroman@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
27777 Franklin Rd., Suite 2500
Southfield, MI 48034
Tel. (248) 351-3000

*Attorneys for Defendants Capitol Electronics Sales, Inc.; EMP Defense, LLC; and Jay Bharat Kothari*

5

## CERTIFICATE OF SERVICE

      I hereby certify that on September 30, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

      *s/ Gregory S. Weiss*
      GREGORY S. WEISS
      Florida Bar No. 163430

**SERVICE LIST**:

**Elio F. Martinez, Jr., Esq.**
elio.martinez@gray-robinson.com
**Francesca Russo, Esq.**
francesca.russo@grayrobinson.com
GRAYROBINSON, P.A.
333 S.E. 2nd Ave., Suite 3200
Miami, FL 33131
Tel. (305) 416-6880
*Attorneys for Plaintiff*

**Justin B. Levine**
justin.levine@csklegal.com
COLE, SCOTT AND KISSANE
222 Lakeview Avenue Suite 120
West Palm Beach, FL 33401
Tel. (561) 383-9200
*Attorneys for Defendants*