# EXHIBIT B

**Goodwin, Sarah J.**

| | |
|---|---|
| **From:** | Elio F. Martinez <Elio.Martinez@gray-robinson.com> |
| **Sent:** | Friday, September 26, 2025 4:28 PM |
| **To:** | Bejin, Thomas |
| **Cc:** | 'Justin Levine (justin.levine@csklegal.com)'; Michael J. Colitz, III; Pablo Meles; Jess Santana; Symons, Patrice; Weiss, Gregory; Broman, William K.; Francesca M. Russo |
| **Subject:** | RE: Letter Attached_2025-09-26 - S.D. Fla. Case No. 1:25-cv-22786-EA Dinnteco International, S.L. v. Capitol Electronics Sales, Inc. et al |
| **Attachments:** | 2025-09-26-Bejin Letter to Dinnteco Counsel.pdf |

Tom:

We have reviewed your letter of even date (attached).

You appear to be under a misimpression.  The Motion that you refer to as "Plaintiff's motion for venue discovery" is actually **Plaintiff's Motion for Extension of Time to Respond to Defendants' Combined Motion to Dismiss, and Incorporated Memorandum of Law** [D.E. 47].  The Motion expressly and correctly states that (because the parties have held their Scheduling Conference and the Court has entered its August 29, 2025, Order Setting Trial and Pre-Trial Schedule, etc. [D.E. 32]), Plaintiff is entitled to conduct discovery as a matter of right under the Rules (see footnote 5).  The Motion therefore does not seek leave to conduct discovery; it simply seeks an extension to respond to your clients' Combined Motion to Dismiss [D.E. 45].  We urge you to again review our Motion, since you appear to have misinterpreted it (or, at a minimum, mischaracterized it in your letter).

Judge Reid's Standing Discovery Order [D.E. 50] states that it pertains to "discovery disputes" and sets forth a procedure for resolving (or addressing) such disputes.  Our Motion for Extension of Time [D.E. 47] does not involve a discovery dispute and therefore is not subject to the procedure set forth in Judge Reid's Standing Order.  Thus, your position that our Motion for Extension of Time (and supplemental filing) is somehow subject to Judge Reid's Standing Discovery Order is incorrect.  Once again, we urge you to re-read our Motion, as well as the Order.

Further, we find your reference to "Plaintiff's failure to respond to Defendant's Rule 12 motion absent an order from the court granting an extension" to be disingenuous and very telling in its intent.  As you know, unlike Defendants' counsel in their untimely response to the First Amended Complaint (wherein the deadline for the response was ignored and led to a Court Order which referenced the missed deadline), we filed Plaintiff's Motion for Extension of Time in a timely manner.  Defendants' counsel, on the other hand, have dragged their feet in responding to the Motion – we suspect in order to create the situation improperly and incorrectly referenced in your letter.  We find it unfortunate that Defendants' counsel have elected to pursue such tactics but, since this is not the first time they have engaged in such tactics (*see* our prior communications), their actions, while disappointing, are not altogether surprising.

You refer to the discovery we served upon your clients as "improper" but fail to elaborate on the reason for the alleged impropriety.  The Federal Rules of Civil Procedure and the Local Rules authorize us to serve discovery (as we have done) once the parties hold their Scheduling Conference and the Court enters its Order Setting Trial and Pre-trial Schedule.  If you are aware of a Rule that prevents us from serving such discovery, we urge you to bring it to our attention.  You indicated that you "have no intention of responding to Plaintiff's improper discovery[.]"  If that is indeed your position, that *would*

create a discovery dispute and the *onus* would be on Defendants (who are the ones seeking relief from their discovery obligations under the Rules) to raise the issue, consistent with Judge Reid's Standing Discovery Order.  Absent a ruling from Judge Reid to the contrary, we will expect to receive timely responses to Plaintiff's timely and properly served discovery requests.

We DO NOT agree to an extension of time for Defendants to respond to Plaintiff's Motion for Extension of Time because you have stated no proper basis for such an extension.  Your mischaracterization of Plaintiff's Motion as a "motion for venue discovery" is insufficient to justify such an extension.  You will need to file an appropriate motion with the Court (as we did).

With respect to a Meet and Confer, we are available **Tuesday at 10:30 AM**.  If you wish to set up a Zoom conference, please send the details to Francesca and myself.  During that Meet and Confer, we should discuss the discovery dispute that you are creating by stating that you have no intention of responding to Plaintiff's discovery.  We note, however, that you reference "Plaintiff's failure to timely file a responsive brief to Defendants' Rule 12 motion" as a presumed subject of such Meet and Confer.  Given what we have indicated in this communication, we urge you to reconsider your position on that point, file your timely response to our Motion for Extension of Time and educate us and the Court as to (a) why we should not be entitled to take discovery at this time and investigate the assertions contained in the Declarations filed in support of your Combined Motion to Dismiss before responding, and (b) the basis for your position that Plaintiff's service of its discovery requests was "improper."

We look forward to speaking with you on Tuesday.

Sincerely,

Elio

| | |
|---|---|
| | **T**   904.598.9929 |
| | **F**   904.598.9109 |
| **Elio F. Martinez** |  |
| Shareholder | |

GrayRobinson, P.A. ▪ 50 North Laura Street, Suite 1100, Jacksonville, Florida 32202
GrayRobinson, P.A. ▪ 333 S.E. 2nd Avenue, Suite 3200, Miami, Florida 33131

# GRAYROBINSON
### ATTORNEYS | ADVISORS | CONSULTANTS

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

**From:** Goodwin, Sarah J. <SGoodwin@taftlaw.com>
**Sent:** Friday, September 26, 2025 8:36 AM
**To:** Elio F. Martinez <Elio.Martinez@gray-robinson.com>
**Cc:** Bejin, Thomas <TBejin@taftlaw.com>; 'Justin Levine (justin.levine@csklegal.com)'
<justin.levine@csklegal.com>; Michael J. Colitz, III <Michael.Colitz@gray-robinson.com>; Pablo Meles
<Pablo.Meles@gray-robinson.com>; Jess Santana <Jessica.Santana@gray-robinson.com>; Symons,

Patrice <PSymons@taftlaw.com>; Goodwin, Sarah J. <SGoodwin@taftlaw.com>; Weiss, Gregory <GWeiss@taftlaw.com>; Broman, William K. <WBroman@taftlaw.com>; Francesca M. Russo <Francesca.Russo@gray-robinson.com>
**Subject:** Letter Attached_2025-09-26 - S.D. Fla. Case No. 1:25-cv-22786-EA Dinnteco International, S.L. v. Capitol Electronics Sales, Inc. et al

**This message originated outside of GrayRobinson.**

Mr. Martinez,

Please see the attached letter from Tom Bejin.

Regards,

Sarah

**Taft**

**Sarah J. Goodwin**
Paralegal
SGoodwin@taftlaw.com
Dir: 248.727.1579
Tel: 248.351.3000
27777 Franklin Rd.
Suite 2500
Southfield, Michigan 48034

**taftlaw.com**

**Now over 1,100 attorneys strong.**

Taft is expanding to **Atlanta** and strengthening its **Washington, D.C.**, presence through a merger with Morris, Manning & Martin on Dec. 31, 2025. Learn more **here.**

Taft has expanded to **Southeast Florida**, with the addition of Mrachek Law, a distinguished litigation firm. Learn more **here.**

Taft has expanded to the **Mountain West region** with the addition of Sherman & Howard, a prominent 130-year-old law firm.  Learn more **here.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.