IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-22786-ARTAU/REID

DINNTECO INTERNATIONAL, S.L., an entity of Andorra la Vella,

    Plaintiff,

v.

CAPITOL ELECTRONICS SALES, INC, an Indiana corporation; EMP DEFENSE, LLC, a Michigan limited liability company; SEAHAWKE MARINE INC, a Florida corporation; RIPPING IT OUTDOORS LLC, a Florida limited liability company; and JAY BHARAT KOTHARI d/b/a EMP Solutions, an individual residing in the state of Florida,

    Defendants.

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' COMBINED MOTION TO DISMISS,**

    Plaintiff, Dinnteco International, S.L. ("Dinnteco" or "Plaintiff"), by and through undersigned counsel and pursuant to applicable law, hereby replies to the Opposition to Plaintiff's Motion for Extension of Time to Respond to Defendants' Combined Motion to Dismiss ("Defendants' Opposition") [D.E. 52] filed by Defendants, Capitol Electronics Sales, Inc. ("CESI"), EMP Defense, LLC ("EMPD") and Jay Bharat Kothari ("Kothari") (CESI, EMPD and Kothari sometimes, collectively, "Defendants"). For the reasons set forth herein and in Plaintiff's Motion for Extension of Time to Respond to Defendants' Combined Motion to Dismiss ("Motion for Extension of Time") [D.E. 47], Plaintiff requests a 60-day extension of time, through and including November 24, 2025, to respond to Defendants' Combined Motion to Dismiss [D.E. 45].

**Introduction**

    Defendants' Opposition mischaracterizes Plaintiff's Motion for Extension of Time as one seeking leave of Court to serve venue discovery, referring to Plaintiff's Motion as "a discovery

dispute" (*see* Defendants' Opposition [D.E. 52], p. 2).  Defendants' blatant mischaracterization is not incidental.[1]  By improperly framing Plaintiff's Motion for Extension of Time as something other than what it is, they hope to rewrite history, circumvent the Federal Rules of Civil Procedure, and avoid their discovery obligations – all the while denying Plaintiff the opportunity to investigate the allegations contained in Declarations attached to Defendants' Combined Motion to Dismiss [D.E. 45].

Despite Defendants' argument to the contrary, Plaintiff has the right to serve discovery (not limited to venue discovery) under the Rules and, indeed, served such discovery (Interrogatories and Requests for Production of Documents) on Defendants on September 19, 2025, as set forth in Plaintiff's Notice of Supplementation of Motion for Extension of Time [D.E. 51].  The clock is therefore ticking on Defendants to serve their responses to Plaintiff's discovery requests (Defendants' responses are due October 20, 2025) which would hopefully answer the multitude of questions raised by Defendants' Declarations and allow Plaintiff to fully address the arguments in Defendants' Combined Motion to Dismiss (including Defendants' venue argument).  Unfortunately, Defendants' counsel has advised that Defendants "have no intention of responding to Plaintiff's… discovery,"[2] thereby continuing their obstructionist conduct, and further justifying the 60-day extension sought by Plaintiff.

**I.     Plaintiff Has the Right to Take Discovery**

Rule 26(f), Fed.R.Civ.P., establishes the mechanism used by this Court to conduct and

---

[1]     Dinnteco's undersigned counsel pointed out this mischaracterization to Defendants' counsel in an email dated September 26, 2025, which Defendants have attached as Exhibit B to Defendants' Opposition [D.E. 52-2].  Defendants have now escalated their deceptive conduct by moving their mischaracterization from communications with Dinnteco's counsel to filings before the Court.
[2]     *See* September 26, 2025, letter from Defendants' counsel, attached as Exhibit A to Defendants' Opposition [D.E. 52-1].

regulate discovery. Specifically, Rule 26(f) requires the parties to confer, come to an agreement on a discovery plan (and other issues, including pre-trial deadlines), and submit a Joint Scheduling Report to the Court for its consideration. Pursuant to Rule 26(f) and this Court's July 10, 2025, Order Requiring Scheduling Report, etc. [D.E. 11], counsel for Plaintiff and Defendants met on August 27, 2025, came to an agreement on a discovery plan (and other matters), and filed their Joint Scheduling Report [D.E. 30] on August 29, 2025. The parties' Joint Scheduling Report closely followed the requirements of Rule 26(f), which requires the parties to make the Court aware of, *inter alia*:

    (a) "[W]hether discovery should be conducted in phases or be limited or focused on particular issues[.]" *See* Rule 26(f)(3)(B), Fed.R.Civ.P.; and

    (b) "[W]hat other limitations should be imposed [on discovery]. *See* Rule 26(f)(3)(E), Fed.R.Civ.P

In addressing the possibility of special discovery requirements (including possible limitations on the scope of initial discovery), the parties jointly stated that "[d]iscovery will be needed on various matters including technology, invention, applications, and claims. Fact discovery shall be completed… [by August 29, 2025 – the parties' suggested discovery deadline]." The parties further stated that "[t]he Parties plan to conduct discovery as permitted by the applicable rules and do not foresee a need for changes or limitations thereof at this time." *See* Joint Scheduling Report [D.E. 30], pp. 7-8. Nowhere in the parties' Joint Scheduling Report do Defendants suggest that limited (or no) discovery should be undertaken at the outset of the case, or that either party would be required to seek permission to serve *any* type of discovery (including venue discovery) after the Court issued its scheduling order.[3]

---

[3]     Defendants were well aware, at the time that they filed the Joint Scheduling Report, that

Based on the parties' Joint Scheduling Report, the Court entered its Order Setting Trial and Pre-Trial Schedule, etc. ("Trial Order") [D.E. 32] on August 29, 2025. Like the Joint Scheduling Report, the Trial Order did not limit the parties' right to undertake discovery on *any* issues.[4] Thus, despite Defendants' contrary argument, Plaintiff has the right to take discovery (including venue discovery) without seeking leave of Court and has commenced that process by serving its initial discovery requests on Defendants on September 19, 2025.

None of the cases cited by Defendants in their Opposition stands for the proposition that, after agreeing to unlimited discovery, a party may unilaterally impose discovery limitations on the other side.[5] Accordingly, Defendants' attempts to frame Plaintiff's timely filed Motion for Extension of Time[6] as "a discovery dispute" is nothing more than Defendants' attempts to ignore

---

they intended to challenge venue. Indeed, the Joint Scheduling Report includes the following Statement by Defendants: "Venue is not proper in the Southern District of Florida for Defendants…The case should be dismissed under Rule 12(b)(3)." *See* Joint Scheduling Report [D.E. 30], pp. 6-7. Thus, Defendants had ample opportunity to request limitations on discovery in the Joint Scheduling Report but elected not to do so.

[4]  The Court's Trial Order [D.E. 32] set the discovery deadline for June 22, 2026, earlier than suggested by the parties in the Joint Scheduling Report, but stated that "[t]he parties by agreement, and/or Magistrate Judge Reid, may extend this deadline, so long as such extension does not impact any of the other deadlines contained in… [the Court's] Scheduling Order." *See* Trial Order at n.1.

[5]  Moreover, even if Plaintiff were required to seek leave of Court before serving discovery, which it is not, one case by Defendants suggests that, in the present situation, where Defendants' Declarations raise issues and unanswered questions concerning venue (such as: (a) the nature of CESI's relationship with, and control over, the Ft. Lauderdale location identified on its website; (b) the nature of EMPD's relationship with, and control over, its unnamed "sub-distributor" in Highlands County, Florida; and (c) the location from which Kothari conducts business), leave to conduct venue discovery *should* be granted. *See, e.g., Delta Electronics, Inc. v. Vicor Corp.*, 725 F. Supp.3d 645 (W.D. Tex. 2014)(court granted venue discovery to investigate party's relationship with, and control over, a subsidiary located within the judicial district where the suit was brought).

[6]  Defendants' Opposition suggests (without authority) that Plaintiff is somehow in default on its response to Defendants' Combined Motion to Dismiss, despite its timely filed Motion for Extension of Time. *See* Defendants' Opposition [D.E. 52] n.1. Defendants' suggestion is curious, given Defendants' own disregard of requirements and deadlines imposed by the Court and the

4

the express language of the Joint Scheduling Report and Trial Order (thereby rewriting history), circumvent the Federal Rules of Civil Procedure, and avoid their discovery obligations – thereby depriving Plaintiff the opportunity to investigate the allegations raised by Defendants in the self-serving Declarations attached to their Combined Motion to Dismiss.

### 2. The Cases Cited by Defendants Are Unavailing.

None of the cases cited and relied on by Defendants support Defendants' position that the Court should deny Plaintiff's Motion for Extension of Time, thereby denying Plaintiff the opportunity to investigate the claims asserted by Defendants in Declarations attached to their Combined Motion to Dismiss:

- *Hartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017) does not deal with a party's right to take venue discovery or seek an extension of time to respond to venue allegations. Rather, it analyzes the history of the patent venue statute, 28 U.S.C. §1400(b),[7] and interprets the term "resides" within the statute (which is not an issue in this case) as meaning a corporate defendant's place of incorporation.[8]

---

Rules. As examples of such disregard: (a) despite the Court's instructions at the outset of the case that Defendants were to file "a single combined response" to Plaintiff's Complaint (*see* July 10, 2025, Order [D.E. 10]), Defendants initially filed three separate motions to dismiss [D.E. 41, 42, 43], which led the Court to deny all three motions and require Defendants to file a single response (*see* September 9, 2025, Order [D.E. 44]); and (b) Defendants failed to file their response to the First Amended Complaint within the time proscribed by the Rules (and the Court), thereby compelling the Court to enter an Order requiring Defendants to respond by a date certain (*see* September 3, 2025, Order [D.E. 36]).

[7]   28 U.S.C. § 1400(b) provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

[8]   Plaintiff does not contend that Defendants are incorporated within this judicial district. Instead, Plaintiff's First Amended Complaint [D.E. 26] alleges in paragraph 11, *inter alia*, that "[v]enue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) [for non-patent allegations] and § 1400(b) because *inter alia*, Defendants have offices in this judicial district…

- *In Re: ZTE (USA) Inc.*, 890 F.3d 1008 (Fed. Cir. 2018) likewise does not deal with a party's right to take venue discovery or seek additional time to respond to lack of venue contentions.  Instead, it holds that Plaintiff bears the burden of establishing venue[9] and describes circumstances pursuant to which venue may be proper under the second portion of the patent venue statute, 28 U.S.C. § 1400(b).[10]

- *In Re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017) also does not deal with a party's right to take venue discovery, nor with extensions sought to respond to venue contentions.  Like *Hartland* and *ZTE*, it simply analyzes the patent venue statute, 28 U.S.C. §1400(b), including the circumstances pursuant to which a defendant may be found to have "a regular and established place of business" within a judicial district.[11]

---

[and] have committed acts of infringement in this District[,]" thereby triggering the second portion of the patent venue statute, 28 U.S.C. § 1400(b).  Thus, the issue of where Defendants "reside" or are incorporated is irrelevant to the present situation.

[9]   Defendants suggest in their Opposition that "Plaintiff was unfamiliar with substantial controlling venue case law." Defendants go on to state that "Plaintiff justifies its request for communications because email servers may be located in Florida." *See* Defendants' Opposition [D.E. 52]. n.2.  Defendants' patronizing assertion not only insults Plaintiff's counsel but mischaracterizes what Plaintiff's undersigned counsel stated during the September 30 "Meet and Confer."  At no time did Plaintiff's counsel reference the location of email servers as a basis for establishing venue.

[10]   The court in *ZTE* lists several factors to be considered in determining whether a defendant "has a regular and established place of business" within a district, including whether the defendant "exercises… attributes of possession or control" over a location within the district, and whether the defendant lists a location within the district "on a website[.]"  *In Re: ZTE (USA) Inc.*, 890 F.3d at 1015. Although Plaintiff is not limited to certain types of discovery in any way by the Joint Scheduling Report or Trial Order, the discovery served by Plaintiff in the present case directly correlates with such inquiries.

[11]   Plaintiff has no issue with the court's analysis in *Hartland*, *ZTE* and *Cray*.  However, none of these cases has any bearing on the discovery served by Plaintiff nor on Plaintiff's request for additional time to respond to Defendants' Combined Motion to Dismiss.

- *Delta Electronics, Inc. v. Vicor Corp.*, 724 F.Supp.3d 645 (W.D. Tex. 2024) is a Texas decision that is not binding on this Court.  Unlike *Hartland, ZTE* and *Cray*, this decision does deal with venue discovery in a patent case.  However, the court in *Delta* granted Plaintiff the opportunity to conduct venue discovery, holding that whether a defendant has "a regular and established place of business" within a district "depends on its own facts" *Delta Electronics*, 724 F.Supp.3d at 653 (citing *Cray* 871 F.3d at 1362).  Thus, if anything, this decision argues against Defendants' position that Plaintiff is not entitled to take discovery, including venue discovery.

- *Symbology Innovations LLC v. Lego Systems, Inc.*, 282 F.Supp.3d 916 (E.D. Va. 2017) is a Virginia decision and, like *Delta*, is not binding on this Court.  Moreover, unlike our situation, the defendant in *Symbology* had no connections to the district where the lawsuit was filed (no website address, no unidentified "sub-distributor" operating within the district), thereby leading the court to deny plaintiff's request for venue discovery because it was based on "only speculation or conclusory allegations about contacts with a forum state[.]" *Id.* at 933 (citing *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402-03 (4th Cir. 2003)).

- *Patent Holder LLC v. Lone Wolf Distributors, Inc.*, 2017 WL 5032989 (S.D. Fla. October 31, 2017) is the only Eleventh Circuit or Southern District of Florida case cited by Defendants in their Opposition.  In this case, the Court denied venue discovery because it found that the link between defendant and the chosen District was too tenuous. Specifically, the defendant in that case, unlike Defendants in the present case, did not list south Florida addresses on their websites and did not engage unnamed "sub-distributors" operating in south Florida.  Further, unlike Plaintiff in the present case, which has already

7

served its discovery, the defendant in *Patent Holder* had neither "set out what discovery it seeks" at nor "affirmatively sought this discovery[.]" *Id.* at *6, *7.

Significantly, none of the cases cited by Defendants in their Opposition appeared to involve situations where Joint Scheduling Reports had been submitted and defendants agreed to discovery without limitations. Defendants' reliance on these cases is therefore misguided, since they are, in all cases, not binding, distinguishable, and/or unavailing.[12]

## **CONCLUSION**

For the reasons stated herein and in Plaintiff's Motion for Extension of Time, Plaintiff requests a 60-day extension of time, through and including November 24, 2025, to respond to Defendants' Motion to Dismiss, in order to complete the venue discovery it has already commenced, before filing its response.

---

[12] Defendants' suggestion that cases cited by Plaintiff are likewise distinguishable because they were decided before certain federal court rulings is a red herring. As indicated above, nothing in the cases cited by Defendants should impact this Court's decision on whether to grant the extension of time sough by Plaintiff.

|  |  |
|---|---|
| Dated: October 3, 2025 | */s/ Elio F. Martinez, Jr.*<br>Elio F. Martinez, Jr.<br>Fla. Bar. No. 501158<br>elio.martinez@gray-robinson.com<br>**GRAY \| ROBINSON, P.A.**<br>50 N. Laura Street<br>Sutie 1100<br>Jacksonville, Florida 32202<br>Tel: (904) 598-9929<br>Fax: (904) 598-9109<br><br>Francesca Russo<br>Fla. Bar. No. 174912<br>francesca.russo@gray-robinson.com<br>**GRAY \| ROBINSON, P.A.**<br>333 S.E. 2nd Ave., Suite 3200<br>Miami, Florida  33131<br>Tel:  (305)  416-6800<br>Fax:  (305)  416-6887<br><br>*Attorneys for Plaintiff*<br>*Dinnteco International, S.L.* |