UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DINNTECO INTERNATIONAL, S.L., an entity of Andorra la Vella,<br><br>          Plaintiff,<br><br>v.<br><br>CAPITOL ELECTRONICS SALES, INC., an Indiana corporation; EMP DEFENSE, LLC, a Michigan limited liability company; SEAHAWKE MARINE INC., a Florida corporation; RIPPING IT OUTDOORS LLC, a Florida limited liability company; and JAY BHARAT KOTHARI d/b/a EMP Solutions, an individual residing in the state of Florida,<br><br>          Defendants. | Case No. 1:25-cv-22786 |

**DEFENDANT SEAHAWKE MARINE INC.'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AND INCORPORATED MEMORANDUM OF LAW**

Defendant Seahawke Marine Inc. ("Seahawke"), respectfully moves to set aside the Clerk's entry of default (D.E. 34, D.E. 35), and permit Defendant Seahawke Marine Inc. to respond/answer Plaintiff's First Amended Complaint (D.E. 26), by joining Sections IV.B and IV.D of Co-Defendants' Motion to Dismiss (D.E. 45). As grounds for this Motion, Seahawke states as follows:

**I. Relevant Facts**.

1. On June 20, 2025, Plaintiff filed the Complaint (D.E. 1), naming Seahawke Rigging Inc. as a Defendant. Seahawke Rigging Inc. was represented by counsel, but counsel did not enter an immediate appearance.

2. On July 10, 2025, Plaintiff filed a Waiver of Service for Seahawke Rigging Inc., and the Court set September 8, 2025 as the deadline to respond to or answer Plaintiff's Original Complaint. (D.E. 9).

1

3. On July 10, 2025, The Court ordered "after all Defendants have been served, Defendant shall submit a single, combined response or separate answers to the Complaint within the time allowed for the last-served Defendant to respond." (D.E. 10).

4. On July 31, 2025, Plaintiff filed the First Amended Complaint ("FAC") (D.E. 26), naming Seahawke *Marine* Inc. as a Defendant and dismissing Defendant Seahawke *Rigging* Inc.

5. Seahawke *Marine* Inc. and Seahawke *Rigging* Inc. are separate entities.

6. On August 8, 2025, Plaintiff filed a Return of Service stating Plaintiff served a copy of the FAC and Summons on "David Rosati" a "Rigger" at 2300 Broadway, Riviera Beach, FL 33404. (D.E. 29). Mr. Rosati is not an employee of Seahawke Rigging, a fact known by Plaintiff. See **Exhibit A** (October 10, 2025 Email from Will Broman to Elio Martinez).

7. Both Seahawke Marine Inc. and now-dismissed Defendant Seahawke Rigging Inc. are located at 2300 Broadway, Riviera Beach, Florida.

8. Mr. Rosati is not employed by Seahawke Marine Inc., and Mr. Rosati never informed Defendant Seahawke Marine Inc. of the alleged service. Thus Defendant Seahawke Marine Inc. was unaware of the alleged August 8, 2025 service prior to Plaintiff's filing of such Return of Service. **Exhibit B** ¶ 4 (Declaration of Todd Osadjan Jr.).

9. No appearance was entered on behalf of Seahawke Marine Inc.

10. On September 2, 2025, Plaintiff moved for a Clerk's entry of default (D.E. 33).

11. Plaintiff's Motion for Clerk's Entry of Default was not served on Defendant Seahawke Marine Inc. The corresponding "Certificate of Service" states, "I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who

are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below." *Id*. Plaintiff's certification is false.

12.     Plaintiff's Certificate of Service contains no Service List and, at the time of filing, no counsel of record had yet appeared for Defendant Seahawke Marine Inc. to receive any Notice of Electronic Filing via CM/ECF. Additionally, Plaintiff has not filed an affidavit of service. Defendant Seahawke Marine Inc. was not served a notice of default. **Exhibit B** ¶ 5.

13.     On September 3, 2025, the Court entered an Order granting D.E. 33, Motion for Clerk's Entry of Default. (D.E. 35).

14.     On September 3, 2025, the Court entered an Order requiring Defendants Capitol Electronics Sales, Inc.; EMP Defense, LLC; Jay Bharat Kothari; and Ripping It Outdoors LLC, to submit a combined response or separate answers by September 8, 2025 (D.E. 36), consistent with the Court's July 10, 2025 Order (D.E. 10).

## II.  Incorporated Memorandum of Law.

The Court should set aside the clerk's default for good cause because the First Amended Complaint was not properly served, and Seahawke did not receive a copy of the First Amended Complaint. Federal Rule of Civil Procedure 55(c) provides, "the court may set aside an entry of default for good cause." "Good cause" is a lenient standard. *See, e.g., Lewis v. Stabbert Maritime Yacht & Ship, Inc.*, 2005 WL 8154591 at *2 (S.D. Fla. Aug. 5, 2005) (explaining that good cause is a liberal standard); *Morford v. Cattelan*, 2022 WL 1084733 at *2 (S.D. Fla. Mar. 22, 2022), *report and recommendation adopted*, 2022 WL 1078942 (S.D. Fla. Apr. 11, 2022).

In determining whether the "good cause" standard has been met, courts consider the following non-"talismanic" factors: "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious

3

defense." *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018) (internal quotation omitted). "Also instructive may be whether the defaulting party acted promptly to correct the default." *Id*. (internal quotation omitted). The "good cause analysis, however, does not require that each factor be satisfied." *Id*. at 739. Generally, so long as the defaulting party did not display "either an intentional or reckless disregard for the judicial proceedings," good cause is apparent, and the default must be set aside. *See, e.g., Morford*, 2022 WL 1084733 at *3.

Courts generally "view defaults with disfavor due to [their] strong policy of determining cases on their merits." *Sherrard*, 724 F. App'x at 738 (internal quotation omitted). Thus, "to obtain relief under Rule 55(c), the movant must only make a 'bare minimum showing' to support its claim for relief." *Daytona Tourist Charter Corp. v. Broward Servs. Ltd.*, 2012 WL 3042992 at *3 (S.D. Fla. July 25, 2012) (quoting *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)).

Here, there is good cause to set aside the entry of default because the First Amended Complaint was not properly served. Plaintiff moved for entry under false pretenses, insofar as Plaintiff failed to determine whether the First Amended Complaint was properly served. Respectfully, Plaintiff was on notice that the First Amended Complaint was not properly served insofar as Mr. Rosati is identified as "Rigger" and thus Plaintiff potentially falsely represented the status of service to the Court. Further, Plaintiff certified it put Seahawke on notice of the default when it did not. When the undersigned raised these issues with counsel for Plaintiff, counsel was dismissive, forcing the instant Motion.

There is also good cause to set aside the default because the default was not knowing or willful; it was the result of improper service followed by a lack of communication between non-lawyer employees of Seahawke Rigging Inc. and Seahawke Marine Inc. Additionally, Seahawke Marine is a sub-distributor of Sertec Lightning Suppression devices procured through EMP

4

Solutions, Inc. Notwithstanding the strong defenses to Plaintiff's claims of patent infringement, including the defenses set forth in Co-Defendants' Motion to Dismiss (D.E. 45 at 16-18), Defendant would also seek a stay under the Customer-Suit Exception argued in co-Defendants' Motion to Dismiss (*Id*. at 18-19), because Seahawke Marine Inc. is a customer of EMP Solutions, Inc.[1]

Finally, on September 17, 2025, Plaintiff filed its Notice of Joint Liability on Defendants, stating therein that "Plaintiff does not seek the entry of a default judgment against Seahawke at this time." (D.E. 48 at 2). In view of the circumstances, good cause exists and the entry of default should be set aside. *See, e.g., Guo v. Rosen*, 2021 WL 6752505 at 81 (S.D. Fla. Mar. 8, 2021) (setting aside default and noting that "the Court prefers to resolve cases on their merits.").

Defendant Seahawke Marine Inc. intends to join Defendant Capitol Electronics Sales, Inc. in requesting a stay under the customer-suit exception and proposes the following:

   a. Defendant Seahawke Marine Inc. be permitted to respond to the FAC by joining Sections IV.B and IV.D of co-Defendants' Motion to Dismiss (D.E. 45); or

   b. Defendant Seahawke Marine Inc.'s response/answer to Plaintiff's FAC shall be due within 21 calendar days of the Court ruling on co-Defendants' Motion to Dismiss (D.E. 45).

### III.  Conclusion.

For the foregoing reasons, Seahawke respectfully requests the Court set aside the Clerk's entry of default (D.E. 35) and permit Seahawke to respond to the FAC as detailed above.

---

[1] Plaintiff sued Jay Kothari, individually, rather than EMP Solutions, Inc. Mr. Kothari is the President of EMP Solutions, Inc., but Plaintiff sued him individually under the improper belief that EMP Solutions, Inc. is a d/b/a of Mr. Kothari, rather than a Nevada corporation.

WHEREFORE, Defendant Seahawke Marine Inc. respectfully requests the Court set aside the Clerk's entry of default (D.E. 35), permit Defendant Seahawke Marine Inc. to be permitted to respond to the FAC by joining Sections IV.B and IV.D of Co-Defendant's Motion to Dismiss (D.E. 45), or in the alternative permit Defendant Seahawke Marine to respond to or answer the FAC within 21 calendar days of the Court's ruling on Co-Defendants' Motion to Dismiss (D.E. 45), and for any further relief deemed appropriate.

## CERTIFICATE OF GOOD FAITH

In accordance with Local Rule 7.1, the undersigned certifies that counsel for Defendant Seahawke Marine Inc. has attempted to confer with counsel for Plaintiff regarding the relief sought in this Motion and Plaintiff did not consent to such relief.

Dated: October 30, 2025                Respectfully submitted,

By: *s/* GREGORY S. WEISS
**Gregory S. Weiss, Esq.**
Florida Bar No. 163430
TAFT STETTINIUS & HOLLISTER LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
gweiss@taftlaw.com
Tel. (561) 655-2250

**Thomas E. Bejin, Esq.**
*Admitted Pro Hac Vice*
tbejin@taftlaw.com
**William K. Broman, Esq.**
*Admitted Pro Hac Vice*
wbroman@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
27777 Franklin Rd., Suite 2500
Southfield, MI 48034
Tel. (248) 351-3000

*Attorneys for Defendant Seahawke Marine Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

        *s/* GREGORY S. WEISS
        GREGORY S. WEISS
        Florida Bar No. 163430

**SERVICE LIST**:

**Elio F. Martinez, Jr., Esq.**
elio.martinez@gray-robinson.com
**Francesca Russo, Esq.**
francesca.russo@grayrobinson.com
GRAYROBINSON, P.A.
333 S.E. 2nd Ave., Suite 3200
Miami, FL 33131
Tel. (305) 416-6880
*Attorneys for Plaintiff*

**Justin B. Levine**
justin.levine@csklegal.com
COLE, SCOTT AND KISSANE
222 Lakeview Avenue Suite 120
West Palm Beach, FL 33401
Tel. (561) 383-9200
*Attorneys for Defendants*