# EXHIBIT A

**Goodwin, Sarah J.**

| | |
|---|---|
| **From:** | Elio F. Martinez <Elio.Martinez@gray-robinson.com> |
| **Sent:** | Friday, October 10, 2025 2:41 PM |
| **To:** | Broman, William K. |
| **Cc:** | Bejin, Thomas; Francesca M. Russo; Goodwin, Sarah J.; Weiss, Gregory |
| **Subject:** | Re: Seahawke Marine |

Will:

Thank you for your email. I am traveling today but wanted to respond in a timely manner.

Please be advised that we will review your Motion once received and shall respond in due course.

Have a good weekend.

Regards,

Elio F. Martinez, Jr.
Sent from my iPhone

**Elio F. Martinez**
Shareholder

T  904.598.9929
F  904.598.9109



GrayRobinson, P.A. ▪ 50 North Laura Street, Suite 1100, Jacksonville, Florida 32202
GrayRobinson, P.A. ▪ 333 S.E. 2nd Avenue, Suite 3200, Miami, Florida 33131

**GRAYROBINSON**
ATTORNEYS | ADVISORS | CONSULTANTS

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

> On Oct 10, 2025, at 11:13 AM, Broman, William K. <WBroman@taftlaw.com> wrote:
>
> **This message originated outside of GrayRobinson.**

Elio –

We intend to file a motion to vacate the default against Seahawke Marine early next week. I understand that you indicated to Mr. Andrew Lockton from McHale Slavin that Dinnteco does not believe there has been any excusable neglect that would justify vacating the default.

Dinnteco failed to serve the First Amended Complaint on an agent of Seahawke Marine. Instead, the affidavit of Dinnteco's process server indicates that the summons was served on David Rosati, an employee of Seahawke Rigging with no authorization to accept service on behalf of Seahawke Marine. (D.E. 29). As such, service of the First Amended Complaint was ineffective. *See, e.g.*, Fed. R. Civ. P. 4(h); § 48.081, Fla. Stat.; *Sheringer v. Big Lots, Inc.*, 532 F.Supp.2d 1335, 1341-1342 (M.D.Fla. 2007) (Florida's "statutes governing service of process must be strictly construed, and valid service on a corporation may only be effected by complying with them").

Additionally, Plaintiff's motion for a Clerk's entry of default (D.E. 33) was never served on Seahawke Marine, despite the motion including a "Certificate of Service". The Certificate of Service states "I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below." The Certificate of Service contains no Service List, and at the time the motion was filed, no counsel of record had yet appeared for Seahawke Marine to receive any Notice of Electronic Filing via CM/ECF. Further, Dinnteco has not filed an affidavit of service relative to D.E. 33.

The good cause standard of Fed. R. Civ. P. 55(c) is a lenient one. *See, e.g., Lewis v. Stabbert Maritime Yacht & Ship, Inc.*, 2005 WL 8154591 at *2 (S.D. Fla. Aug. 5, 2005); *Morford v. Cattelan*, 2022 WL 1084733 at *2 (S.D. Fla. Mar. 22, 2022), *report and recommendation adopted*, 2022 WL 1078942 (S.D. Fla. Apr. 11, 2022). Further, courts generally disfavor defaults due to a preference of determining cases on the merits. *See Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F.App'x 736, 738 (11th Cir. 2018).

In view of Dinnteco's ineffective service of the First Amended Complaint on Seahawke Marine, Inc., apparent failure to serve the motion for Clerk's entry of default on Seahawke Marine, Inc., and the lenient good cause standard of Rule 55(c), please advise whether Dinnteco will agree to vacate the default against Seahawke Marine, Inc.

-Will



**William K. Broman**
Associate
WBroman@taftlaw.com
Dir: 248.727.1571   |   Cell: 313.530.4660
Tel: 248.351.3000
27777 Franklin Rd.

2

Suite 2500
Southfield, Michigan 48034

**Taft Bio**
**Download vCard**
**taftlaw.com**

**Now over 1,100 attorneys strong.**

Taft is expanding to **Atlanta** and strengthening its **Washington, D.C.**, presence thro merger with Morris, Manning & Martin on Dec. 31, 2025. Learn more **here.**

Taft has expanded to **Southeast Florida**, with the addition of Mrachek Law, a distin litigation firm. Learn more **here.**

Taft has expanded to the **Mountain West region** with the addition of Sherman & Ho prominent 130-year-old law firm.  Learn more **here.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.