**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-22786-ARTAU/Reid**

DINNTECO INTERNATIONAL, S.L., an entity of Andorra la Vella,

    Plaintiff,

v.

CAPITOL ELECTRONICS SALES, INC., an Indiana corporation; EMP DEFENSE, LLC, a Michigan limited liability company; SEAHAWKE MARINE INC., a Florida corporation; RIPPING IT OUTDOORS LLC, a Florida limited liability company; and JAY BHARAT KOTHARI d/b/a EMP Solutions, an individual residing in the state of Florida,

    Defendants.

**DEFENDANT SEAHAWKE MARINE INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (D.E. 57)**

    Dinnteco's opposition (D.E. 58) to Seahawke Marine Inc.'s motion (D.E. 57) explicitly acknowledges that "defaults are generally viewed with disfavor by courts and [Dinnteco] would normally not oppose setting aside the Clerk's Default" against Defendant Seahawke Marine Inc. D.E. 58 at 1-2; *see also Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018). Yet, Dinnteco has filed its opposition based on the thin arguments that (1) Seahawke Marine Inc.'s "Rigger" was properly served, and (2) that counsel for Seahawke Marine Inc. delayed filing the motion to vacate. Dinnteco's opposition only results in the multiplication of proceedings and the congestion of the Court's docket.

**ARGUMENT**

    Dinnteco's motion is replete with misrepresentations and twisted facts. For example, Dinnteco states that "David Rosati, who identified himself as 'Rigger for Seahawke Marine' indicated that he was authorized to accept service. Seahawke's Motion to Set Aside Default does not dispute that Mr. Rosati made that representation to the process server." D.E. 58 at 7. Whether Mr. Rosati made such a representation to a process server is immaterial because Mr. Rosati was

1

not and is not an employee of Seahawke Marine Inc., nor was Mr. Rosati the registered agent of Seahawke Marine, nor was Mr. Rosati an employee of the registered agent, Mr. Osadjan. *See e.g., United States v. Demesin*, 2018 WL 1988864, at 83 (M.D. Fla. Mar. 14, 2018) ("The fact that (an alleged employee) told the process server that he was authorized to accept service and, in fact, accepted service does not constitute evidence that (Defendant) actually authorized (Alleged Employee) to act on his behalf."); *Pollard v. D.C.*, 285 F.R.D. 125, 128 (D.D.C. 2012) ("Claims by an agent having authority to receive process or the fact that an agent actually accepts process is not enough to bind the defendant to the court's jurisdiction."). Dinnteco cites Florida Statutes, § 48.081(3)(a) which permits service "on an employee at the corporation's principal place of business or on any employee of the registered agent." Under the statute, Dinnteco's service was not valid because Seahawke Marine's registered agent was unavailable and Rosati was not an employee of the corporation or its agent.

Dinnteco cites *Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Systems, Inc.* for the proposition that Dinnteco's failure to serve its motion for entry of default on Seahawke is acceptable. D.E. 58 at 4 n.4 (citing 803 F.2d 1130, 1134 (11th Cir. 1986)). But *Solaroll* is specific to whether the Clerk or the Court must provide notice of entry of default judgment to an unrepresented party. *Solaroll* does not absolve Dinnteco for failing to serve its Motion for Entry of Clerk's Default on Seahawke Marine, nor does *Solaroll* absolve Dinnteco for certifying that service had been made on all parties when in fact service was never made on Seahawke Marine. Dinnteco argues that Seahawke Marine was served because Dinnteco served a copy of the Motion on other defendants. But Dinnteco fails to address why this constituted service on Seahawke Marine, which was unrepresented when the Motion was filed. (D.E. 33; D.E. 57 at 2).

Dinnteco's opposition fails to sufficiently analyze whether the "good cause" factor has been met—factors which were set forth in Seahawke Marine Inc.'s motion:

> In determining whether the "good cause" standard has been met, courts consider the following non-"talismanic" factors: "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F.App'x 736, 738 (11th Cir. 2018) (internal quotation omitted). "Also instructive may be whether the defaulting party acted promptly to correct the default." Id. (internal quotation omitted). The "good cause analysis, however, does not require that each factor be satisfied." Id. at 739. Generally, so long as the defaulting party

> did not display "either an intentional or reckless disregard for the judicial proceedings," good cause is apparent and the default must be set aside. *See, e.g., Morford*, 2022 WL 1084733 at *3.

D.E. 57 at 3-4.

Dinnteco argues that undersigned counsel was on notice of the Clerk's Entry of Default at the time it was entered, and therefore Seahawke Marine was not diligent in its Motion to vacate. This argument attempts to make a logical leap across a gap that is simply too wide. Dinnteco fails to address the gating issue: now-counsel for Seahawke Marine did not have a signed engagement letter and did not represent Seahawke Marine until the notice of appearance was filed on October 30, 2025. Dinnteco's counsel acknowledged the same in its September 16, 2025 email to defendants' counsel. (D.E. 58-5) ("None of your communications has ever indicated that you represent Seahawke Marine..."). Dinnteco's argument against vacating the default against Seahawke Marine asks the Court to find that undersigned counsel had a duty to take action on behalf of Seahawke Marine when *undersigned counsel* became aware of the default before undersigned counsel represented Seahawke Marine.

Most critically, Dinnteco's opposition to Seahawke Marine's Motion lacks any argument that Dinnteco would be prejudiced if the Motion is granted. Indeed, Plaintiff's Notice of Joint Liability on Defendants states that "Plaintiff does not seek the entry of default judgment against Seahawke at this time," – this is an admission by Dinnteco that it would suffer no prejudice if the default was lifted. (D.E. 48 at 2). This is a multi-defendant case and the litigation is going to proceed with or without Seahawke Marine. Additionally, Seahawke Marine is a customer of EMP Solutions, Inc. While Dinnteco has named EMP Solutions, Inc.'s President individually as a defendant but not yet EMP Solutions, Inc., under the customer-suit exception the case against Seahawke Marine should be stayed. *See In re Nintendo of America, Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (where a customer/retailer faces suit over products acquired from a manufacturer, courts typically stay claims against the customer pending resolution of claims against the supplier.) Additionally, Dinnteco has not argued that there is any prejudice based on the schedule of the case -- because there is none. The Parties recently submitted a proposed modification to the Scheduling Order that would extend all future deadlines in the case by 90 days. (D.E. 61). Dinnteco will have more than sufficient time to serve and receive discovery from Seahawke if the default is lifted. Last, other defendants in this case have pending motions to dismiss the case under Rule 12(b)(3) and 12(b)(6)—since venue would be proper against Seahawke Marine in the Southern District of

Florida, Seahawke Marine would merely join the existing motion to dismiss under Rule 12(b)(6) and to stay the case under the customer-suit exception.

Dinnteco created a situation where Seahawke Marine was not aware of the Clerk's Entry of Default, because Dinnteco failed to serve its Motion for the same on Seahawke Marine -- despite certification to the Court that it had caused service. (D.E. 33 at 4). And Dinnteco has baselessly opposed Seahawke Marine's Motion to lift the default by pointing fingers at undersigned counsel for failing to take action on Seahawke Marine's behalf at a time when undersigned counsel did not represent Seahawke Marine. But most importantly, Dinnteco has failed to show that Seahawke Marine displayed an intentional or reckless disregard for the judicial proceedings and has failed to show that vacating the default against Seahawke Marine would prejudice Dinnteco in any way. Dinnteco's arguments confirm that its opposition has an improper strategic motive.

## CONCLUSION

For the foregoing reasons, Seahawke Marine respectfully requests the Court GRANT its Motion to Set Aside Entry of Default (D.E. 57) and permit Seahawke Marine to respond to the FAC as described in its Motion.

Dated: November 25, 2025　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Gregory S. Weiss*
　　　　　　　　　　　　　　　　　　　　　**Gregory S. Weiss, Esq.**
　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 163430
　　　　　　　　　　　　　　　　　　　　　TAFT STETTINIUS & HOLLISTER LLP
　　　　　　　　　　　　　　　　　　　　　525 Okeechobee Blvd., Suite 900
　　　　　　　　　　　　　　　　　　　　　West Palm Beach, FL 33401
　　　　　　　　　　　　　　　　　　　　　gweiss@taftlaw.com
　　　　　　　　　　　　　　　　　　　　　Tel. (561) 655-2250

　　　　　　　　　　　　　　　　　　　　　**Thomas E. Bejin, Esq.**
　　　　　　　　　　　　　　　　　　　　　*Admitted Pro Hac Vice*
　　　　　　　　　　　　　　　　　　　　　tbejin@taftlaw.com
　　　　　　　　　　　　　　　　　　　　　**William K. Broman, Esq.**
　　　　　　　　　　　　　　　　　　　　　*Admitted Pro Hac Vice*
　　　　　　　　　　　　　　　　　　　　　wbroman@taftlaw.com
　　　　　　　　　　　　　　　　　　　　　TAFT STETTINIUS & HOLLISTER LLP
　　　　　　　　　　　　　　　　　　　　　27777 Franklin Rd., Suite 2500
　　　　　　　　　　　　　　　　　　　　　Southfield, MI 48034
　　　　　　　　　　　　　　　　　　　　　Tel. (248) 351-3000

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Seahawke Marine Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 25, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

                                                   *s/ Gregory S. Weiss*
                                                   GREGORY S. WEISS
                                                   Florida Bar No. 163430

**SERVICE LIST**:

**Elio F. Martinez, Jr., Esq.**
elio.martinez@gray-robinson.com
**Francesca Russo, Esq.**
francesca.russo@grayrobinson.com
GRAYROBINSON, P.A.
333 S.E. 2nd Ave., Suite 3200
Miami, FL 33131
Tel. (305) 416-6880
*Attorneys for Plaintiff*

**Justin B. Levine**
justin.levine@csklegal.com
COLE, SCOTT AND KISSANE
222 Lakeview Avenue Suite 120
West Palm Beach, FL 33401
Tel. (561) 383-9200
*Attorneys for Defendants*