**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

DINNTECO INTERNATIONAL, S.L., an
entity of Andorra la Vella,

      Plaintiff,

v.

CAPITOL ELECTRONICS SALES, INC., an
Indiana corporation; EMP DEFENSE, LLC, a
Michigan limited liability company;
SEAHAWKE MARINE INC., a Florida
corporation; RIPPING IT OUTDOORS LLC, a
Florida limited liability company; and JAY
BHARAT KOTHARI d/b/a EMP Solutions, an
individual residing in the state of Florida,

      Defendants.

**Case No. 1:25-cv-22786-ARTAU/Reid**

**RENEWED JOINT MOTION TO MODIFY THE
COURT'S SCHEDULING ORDER (D.E. 32)**

Plaintiff Dinnteco International, S.L. ("Dinnteco"), and Defendants Capitol Electronics

Sales, Inc., EMP Defense LLC, Seahawke Marine Inc., and Jay Bharat Kothari (collectively

Defendants") respectfully renew their motion asking the Court to modify the Court's Order Setting

Trial and Pre-Trial Schedule, Requiring Mediation, And Referring Certain Matters to Magistrate

Judge ("Scheduling Order") (D.E. 32).  In support of their joint motion, the parties state as follows:

**I.       Relevant Background.**

1.       On August 29, 2025, the Court set dates for the following events which have been

paraphrased:

| Event | Date |
|---|---|
| Selection of Mediator | September 19, 2025 |
| All motions to amend pleadings or join parties are filed | October 1, 2025 |
| Parties exchange expert witness summaries or reports | May 26, 2026 |
| Parties exchange rebuttal expert witness summaries or reports | June 8, 2026 |

| Event | Date |
|---|---|
| All discovery, including expert discovery, is completed. | June 22, 2026 |
| Deadline to complete mediation and file mediation report | June 29, 2026 |
| Deadline for pre-trial motions and Daubert motions | July 7, 2026 |
| Deadline for pre-trial disclosures | August 4, 2026 |
| Calendar Call | October 13, 2026 |
| Two-Week Trial (Start Date)[1] | October 19, 2026 |

2.      On September 11, 2025, Defendants submitted a combined Motion to Dismiss under Rule 12(b)(3) and Rule 12(b)(6). (D.E. 45).[2]

3.      On October 6, 2025, Magistrate Judge Reid entered an Order providing Plaintiff "through and including <u>November 24, 2025</u> to conduct venue discovery…" (D.E. 55) (emphasis in original).

4.      After obtaining extensions from the Court (due to the parties' initial disagreement on the scope of discovery) and conducting its venue discovery, Plaintiff filed its Opposition to Defendants' Motion to Dismiss on January 8, 2026 (D.E. 68).

5.      Defendants filed their Reply Memorandum in support of their Motion to Dismiss on January 23, 2026 (D.E. 74) and the Motion has been fully briefed and pending since then.

6.      Defendants' Motion to Dismiss is based largely on Defendants' argument that venue is improper in this judicial district.  Because the venue issue remains unresolved and Plaintiff was limited to venue discovery by the Court's October 6, 2025, Order (D.E. 47), no fact discovery (beyond venue discovery) has yet been undertaken by the parties.

---

[1] The case was originally set for trial before Chief Judge Cecilia M. Altonaga.  The case was subsequently transferred to Judge Ed Artau and, on February 5, 2026, the Court entered its Order Setting Trial, setting the matter down for trial during the same trial period before Judge Artau.

[2] Seahawke Marine, Inc. joined in the Motion on January 9, 2026 (D.E. 70).

7.      Because of the delays expected and caused by the yet unresolved venue issue, on November 21, 2025, the parties filed their Joint Motion to Modify the Court's August 29, 2025, Scheduling Order (D.E. 61).  The purpose of the Joint Motion was to provide the parties with sufficient time to conduct fact discovery and prepare for trial after the venue issue was addressed and resolved by the Court.

8.      The Court has not yet ruled on the Joint Motion, and the parties will need time to conduct and complete discovery and prepare for trial after the venue issue is resolved. Accordingly, the parties hereby jointly renew their Joint Motion to Modify the Court's Scheduling Order.[3]

## II.      Legal Standard.

9.      Federal Rule of Civil Procedure 16(b)(4) grants the Court authority to modify the Scheduling Order for good cause. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Advisory Committee Notes to the 1983 Amendments to the Rule provide that, circumstances arising during the course of the litigation often times justifies the Court modifying the scheduling order:

> After consultation with the attorneys for the parties and any unrepresented parties-a formal motion is not necessary-the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test. Otherwise, a fear that extensions will not be granted may encourage counsel to request the longest possible periods for completing pleading, joinder, and discovery. Moreover, changes in the court's calendar sometimes will oblige the judge or magistrate when authorized by district court rule to modify the scheduling order.

Fed. R. Civ. P. 16, Advisory Committee Notes 1983 Amendments (emphasis added).

---

[3] Because of the delay in resolving the venue issue, the parties may need additional time beyond that requested in their original Motion to Modify (D.E. 61).  At this time, however, the parties only request modification of the Scheduling Order in accordance with what was requested in their original motion.

### III.   Good faith Exists for the Court to Modify the Current Scheduling Order.

10.   Without this extension the parties will suffer prejudice to their case, since they will not have sufficient time to conduct discovery and prepare for trial.  Some of the deadlines set by the Court in its August 29, 2025, Scheduling Order (D.E. 32) are fast-approaching, and the parties are hamstrung by the limitations of Magistrate Judge Reid's October 6, 2025, Order limiting discovery to "venue discovery" (D.E. 55).

### IV.   Proposed Modification of the Current Scheduling Order.

11.   The parties therefore jointly renew their motion for the following proposed modification to the Scheduling Order (D.E. 32):

| Event | Original Date (D.E. 32) | Proposed Dates |
|---|---|---|
| Selection of Mediator | September 19, 2025 | N/A |
| All motions to amend pleadings or join parties are filed | October 1, 2025 | N/A |
| Parties exchange expert witness summaries or reports | May 26, 2026 | August 2, 2026 |
| Parties exchange rebuttal expert witness summaries or reports | June 8, 2026 | September 8, 2026 |
| All discovery, including expert discovery, is completed. | June 22, 2026 | September 22, 2026 |
| Deadline to complete mediation and file mediation report | June 29, 2026 | September 29, 2026 |
| Deadline for pre-trial motions and Daubert motions | July 7, 2026 | October 7, 2026 |
| Deadline for pre-trial disclosures | August 4, 2026 | November 4, 2026 |
| Calendar Call | October 13, 2026 | January 13, 2027 |
| Two-Week Trial (Start Date) | October 19, 2026 | January 19, 2027 |

4

**WHEREFORE**, Plaintiff, Dinnteco International, S.L., and Defendants, Capitol Electronics Sales, Inc., EMP Defense LLC, Seahawke Marine Inc., and Jay Bharat Kothari, respectfully request that this Court modify the current Scheduling Order as set forth above, and for such other further relief as this Court deems just and proper.

<u>**Certificate of Compliance with Local Rule 7.1(a)(3)**</u>

As per S.D. Fla. Local Rule 7.1(a)(3), undersigned counsel for the parties certify that they have conferred and are in agreement regarding the relief requested herein.

Dated: May 13, 2026.                                     Respectfully submitted,


| | |
|---|---|
| /s/ Elio F. Martinez, Jr. | /s/ Gregory S. Weiss |
| **Elio F. Martinez, Jr.** | **Gregory S. Weiss, Esq.** |
| Fla. Bar. No. 501158 | Florida Bar No. 163430 |
| elio.martinez@gray-robinson.com | TAFT STETTINIUS & HOLLISTER LLP |
| GRAY ROBINSON, P.A. | 525 Okeechobee Blvd., Suite 900 |
| 50 N. Laura Street, Suite 1100 | West Palm Beach, FL 33401 |
| Jacksonville, Florida 32202 | gweiss@taftlaw.com |
| Tel: (904) 598-9929 | Tel. (561) 655-2250 |
| Fax: (904) 598-9109 | |
| | **Thomas E. Bejin, Esq.** |
| **Francesca Russo** | *Admitted Pro Hac Vice* |
| Fla. Bar. No. 174912 | tbejin@taftlaw.com |
| francesca.russo@gray-robinson.com | **William K. Broman, Esq.** |
| GRAY | ROBINSON, P.A. | *Admitted Pro Hac Vice* |
| 333 S.E. 2nd Ave., Suite 3200 | wbroman@taftlaw.com |
| Miami, Florida 33131 | TAFT STETTINIUS & HOLLISTER LLP |
| Tel: (305) 416-6800 | 27777 Franklin Rd., Suite 2500 |
| Fax: (305) 416-6887 | Southfield, MI 48034 |
| | Tel. (248) 351-3000 |
| *Attorneys for Plaintiff* | |
| *Dinnteco International, S.L.* | *Attorneys for Defendants Capitol Electronics Sales, Inc.; EMP Defense, LLC; Seahawke Marine Inc., and Jay Bharat Kothari* |