**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-22786-ARTAU/Reid**

DINNTECO INTERNATIONAL, S.L., an entity of Andorra la Vella,

Plaintiff,

v.

CAPITOL ELECTRONICS SALES, INC., an Indiana corporation; EMP DEFENSE, LLC, a Michigan limited liability company; SEAHAWKE MARINE INC., a Florida corporation; RIPPING IT OUTDOORS LLC, a Florida limited liability company; and JAY BHARAT KOTHARI d/b/a EMP Solutions, an individual residing in the state of Florida,

Defendants.

**PLAINTIFF'S UNOPPOSED MOTION FOR CONTINUANCE OF TRIAL AND PRE-TRIAL DEADLINES**

Plaintiff, Dinnteco International, S.L., by and through undersigned counsel, moves this Court for a continuance of the trial scheduled for the 2-week period commencing October 19, 2026 and the pre-trial deadlines set forth in the Court's Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, And Referring Certain Matters to Magistrate Judge ("Scheduling Order") (D.E. 32). In support of its Motion, Plaintiff states as follows:

## I. Relevant Background.

1. On August 29, 2025, the Court set this matter for trial during the 2-week period commencing October 19, 2026 (D.E. 32), and set dates for the following events which have been paraphrased:

| Event | Date |
|---|---|
| Selection of Mediator | September 19, 2025 |
| All motions to amend pleadings or join parties are filed | October 1, 2025 |
| Parties exchange expert witness summaries or reports | May 26, 2026 |

| Event | Date |
|---|---|
| Parties exchange rebuttal expert witness summaries or reports | June 8, 2026 |
| All discovery, including expert discovery, is completed. | June 22, 2026 |
| Deadline to complete mediation and file mediation report | June 29, 2026 |
| Deadline for pre-trial motions and Daubert motions | July 7, 2026 |
| Deadline for pre-trial disclosures | August 4, 2026 |
| Calendar Call | October 13, 2026 |
| Two-Week Trial (Start Date)[1] | October 19, 2026 |

2. On September 11, 2025, Defendants submitted a combined Motion to Dismiss under Rule 12(b)(3) and Rule 12(b)(6). (D.E. 45).[2]

3. On October 6, 2025, Magistrate Judge Reid entered an Order providing Plaintiff "through and including November 24, 2025 to conduct venue discovery…" (D.E. 55) (emphasis in original).

4. After obtaining extensions from the Court (due to the parties' initial disagreement on the scope of discovery) and conducting its venue discovery, Plaintiff filed its Opposition to Defendants' Motion to Dismiss on January 8, 2026 (D.E. 68).

5. Defendants filed their Reply Memorandum in support of their Motion to Dismiss on January 23, 2026 (D.E. 74), and the Motion has been fully briefed and pending since then.

6. Defendants' Motion to Dismiss is based largely on Defendants' argument that venue is improper in this judicial district. Because the venue issue remains unresolved and Plaintiff has been limited to venue discovery by the Court's October 6, 2025, Order (D.E. 47), no fact discovery (beyond venue discovery) has yet been undertaken.

7. Because of the delays expected and caused by the unresolved venue issue, on November 21, 2025, the parties filed their Joint Motion to Modify the Court's August 29, 2025, Scheduling Order (D.E. 61). The purpose of the Joint Motion was to provide the parties with

---

[1] The case was originally set for trial before Chief Judge Cecilia M. Altonaga. The case was subsequently transferred to Judge Ed Artau and, on February 5, 2026, the Court entered its Order Setting Trial (D.E. 75), setting the matter down for trial during the same trial period before Judge Artau.

[2] Seahawke Marine, Inc. joined in the Motion on January 9, 2026 (D.E. 70).

sufficient time to conduct fact discovery and prepare for trial after the venue issue was addressed and resolved by the Court.

8. On May 13, 2026, the parties renewed their Joint Motion to Modify the Court's August 29, 2025, Scheduling Order (D.E. 76).

9. The Court has not yet ruled on Defendant's Motion to Dismiss, nor on the Joint Motion (or Renewed Joint Motion), and Plaintiff (indeed, all parties) will need time to conduct and complete discovery and prepare for trial after the venue issue is resolved. Accordingly, Plaintiff hereby moves for a continuance of the trial presently scheduled for the 2-week period commencing October 19, 2026, and all pre-trial deadlines.

## II. Legal Standard.

10. Rule 7.6 of the Local Rules of the Southern District of Florida provides:

> A continuance of any trial, pretrial conference, or other hearing will be granted only on exceptional circumstances. No such continuance will be granted on stipulation of counsel alone. However, upon written notice served and filed at the earliest practical date prior to the trial, pretrial conference, or other hearing, and supported by affidavit setting forth a full showing of good cause, a continuance may be granted by the Court.

11. Additionally, Federal Rule of Civil Procedure 16(b)(4) grants the Court authority to modify the Scheduling Order for good cause. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

## III. Good faith Exists for the Court to Continue the Trial and Pre-Trial Deadlines.

12. Because of the unresolved venue issue as set forth in Defendants' pending Motion to Dismiss (D.E. 45), the discovery limitations imposed by Magistrate Reid's Order limiting discovery to venue discovery (D.E. 55), and the consequent uncertainty over the identity of the parties in the case and their respective positions (Defendants have filed no Answers to the Amended Complaint, as they await the Court's ruling on the Motion to Dismiss), Plaintiff has not been able to undertake fact discovery in the case in order to prepare for trial and meet the pre-trial deadlines set by the Court.

13. Plaintiff requests a continuance of the trial and pre-trial deadlines to provide the Court with the opportunity to rule on Defendants' Motion to Dismiss and determine the venue issue, which will clarify which parties shall remain before this Court to litigate and eventually try the case.

14. Without the continuance sought, Plaintiff (and all parties) will suffer prejudice to its case, since it will have been denied the opportunity to conduct fact discovery and prepare for trial.

15. Plaintiff has not sought any prior continuance of the trial in this matter.

16. Attached hereto as Exhibit A is the Affidavit of Elio F. Martinez, Jr., counsel for Plaintiff, establishing good cause of the continuance sought.

**WHEREFORE**, Plaintiff, Dinnteco International, S.L., respectfully requests that this Court continue the trial scheduled for the 2-week period commencing October 19, 2026, and all pre-trial deadlines, and for such other further relief as this Court deems just and proper.

**Certificate of Compliance with Local Rule 7.1(a)(3)**

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), undersigned counsel for Plaintiff certifies that he conferred with counsel for Defendants by email on September 14, 2026, and Defendants do not oppose the relief requested herein.

Dated: September 15, 2026.

Respectfully submitted,

*/s/ Elio F. Martinez, Jr.*

**Elio F. Martinez, Jr.**
Fla. Bar. No. 501158
elio.martinez@gray-robinson.com
GRAY ROBINSON, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, Florida 32202
Tel: (904) 598-9929
Fax: (904) 598-9109

**Francesca Russo**
Fla. Bar. No. 174912
francesca.russo@gray-robinson.com
GRAY | ROBINSON, P.A.
333 S.E. 2nd Ave., Suite 3200
Miami, Florida 33131
Tel: (305) 416-6800
Fax: (305) 416-6887

*Attorneys for Plaintiff*
*Dinnteco International, S.L.*