# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-22786-ARTAU/Reid**

DINNTECO INTERNATIONAL, S.L., an entity of Andorra la Vella,

Plaintiff,

v.

CAPITOL ELECTRONICS SALES, INC., an Indiana corporation; EMP DEFENSE, LLC, a Michigan limited liability company; SEAHAWKE MARINE INC., a Florida corporation; RIPPING IT OUTDOORS LLC, a Florida limited liability company; and JAY BHARAT KOTHARI d/b/a EMP Solutions, an individual residing in the state of Florida,

Defendants.

**AFFIDAVIT OF ELIO F. MARTINEZ, JR. IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR CONTINUANCE OF TRIAL AND PRE-TRIAL DEADLINES**

ELIO F. MARTINEZ, JR., ESQ., personally appeared before me this 15th day of September, 2026, and, having taken an oath, affiant stated that the information contained herein is true and correct. Affiant is personally known to me, and states as follows:

1. I am an attorney at law and have been actively engaged in the practice of law since 1985. I am a shareholder with the law firm of GrayRobinson, P.A., licensed to practice law in the State of Florida.

2. I am counsel for Plaintiff, Dinnteco International, S.L. ("Dinnteco"), and make this affidavit based on my own personal knowledge.

3. Dinnteco filed its Complaint (D.E. 1) in this matter for, *inter alia*, patent infringement, on June 20, 2025. Dinnteco filed its First Amended Complaint (D.E. 26) on August 1, 2026.

4. On August 29, 2025, the Court set this matter for trial during the 2-week period commencing October 19, 2026 (D.E. 32) and set pre-trial deadlines.

5. On September 11, 2025, Defendants submitted a combined Motion to Dismiss under Rule 12(b)(3) and Rule 12(b)(6). (D.E. 45).

6. On October 6, 2025, Magistrate Judge Reid entered an Order providing Plaintiff "through and including November 24, 2025 to conduct venue discovery…" (D.E. 55) (emphasis in original).

7. After obtaining extensions from the Court (due to the parties' initial disagreement on the scope of discovery) and conducting its venue discovery, Plaintiff filed its Opposition to Defendants' Motion to Dismiss on January 8, 2026 (D.E. 68).

8. Defendants filed their Reply Memorandum in support of their Motion to Dismiss on January 23, 2026 (D.E. 74), and the Motion has been fully briefed and pending since then.

9. Defendants' Motion to Dismiss is based largely on Defendants' argument that venue is improper in this judicial district. Because the venue issue remains unresolved and Plaintiff has been limited to venue discovery by the Court's October 6, 2025, Order (D.E. 47), no fact discovery (beyond venue discovery) has yet been undertaken.

10. Because of the delays expected and caused by the unresolved venue issue, on November 21, 2025, the parties filed their Joint Motion to Modify the Court's August 29, 2025, Scheduling Order (D.E. 61). The purpose of the Joint Motion was to provide the parties with

sufficient time to conduct fact discovery and prepare for trial after the venue issue was addressed and resolved by the Court.

11. On May 13, 2026, the parties renewed their Joint Motion to Modify the Court's August 29, 2025, Scheduling Order (D.E. 76).

12. The Court has not yet ruled on Defendant's Motion to Dismiss, nor on the Joint Motion (or Renewed Joint Motion), and Plaintiff will need time to conduct and complete discovery and prepare for trial after the venue issue is resolved. Accordingly, Plaintiff has moved for a continuance of the trial presently scheduled for the 2-week period commencing October 19, 2026, and all pre-trial deadlines.

13. Good cause exists to continue the trial in this case, as well as the pre-trial deadlines.

14. Because of the unresolved venue issue as set forth in Defendants' pending Motion to Dismiss (D.E. 45), the discovery limitations imposed by Magistrate Reid's Order limiting discovery to venue discovery (D.E. 55), and the consequent uncertainty over the identity of the parties in the case and their respective positions (Defendants have filed no Answers to the First Amended Complaint, as they await the Court's ruling on the Motion to Dismiss), Plaintiff has not been able to undertake fact discovery in the case in order to prepare for trial and meet the pre-trial deadlines set by the Court.

15. Plaintiff will need a continuance of the trial and pre-trial deadlines to provide the Court with the opportunity to rule on Defendants' Motion to Dismiss and determine the venue issue, which will clarify which parties shall remain before this Court to litigate and eventually try the case.

16. Without the continuance sought, Plaintiff will suffer prejudice to its case, since it will have been denied the opportunity to conduct fact discovery and prepare for trial.

17. Plaintiff has not sought any prior continuance of the trial in this matter.

FURTHER AFFIANT SAYETH NAUGHT.

ELIO F. MARTINEZ, JR.
Florida Bar No. 501158

SWORN TO AND SUBSCRIBED before me this 15 day of September, 2026, by Elio F. Martinez, Jr., who is personally known to me or who has produced ______________ as identification.

NOTARY PUBLIC STATE OF FLORIDA ELLEN ROOT Commission # HH 376448 Expires March 20, 2027

NOTARY PUBLIC, STATE OF FLORIDA
AT LARGE

My Commission Expires:

Print Name: Ellen Root